## SUPREME COURT.

### In the Matter of the Opening of the SPUYTEN DUYVIL PARK-WAY.

*Jurisdiction of the commissioners of estimate and assessment for opening the park-way — Laws of 1874, chap. 604 — Waiver by acquiescence.*

A party may waive a statutory and even a constitutional provision made for his benefit, and having once done so, he cannot ask for its protection. And so, too, by acquiescence, or failure to present objections, he may waive the question of jurisdiction, arising out of the interpretation or construction of a statute.

Where it appeared that these commissioners of estimate and assessment were appointed after the posting of notices and advertising according to law, without any opposition having been made by any interested property owner, and no appeal was ever taken from the order appointing them, and they proceeded in the performance of their duties and followed the law strictly in every respect, and were opposed by the parties now making this motion at every step of their proceedings, until the final confirmation of their report:

*Held,* that the moving parties are now precluded from objecting to the jurisdiction of the commissioners or of the court. It is too late for the parties making this motion to object to the jurisdiction of the court, or to the right of the park commissioners to institute these proceedings.

*N. Y. Chambers, February,* 1884.

*Augustin S. Hutchins* and *Austin G. Fox,* for motion.

*George P. Andrews,* corporation counsel, and *Arthur Berry,* of counsel for the commissioners, &c.

*Thomas S. Edsall* and *Henry W. Hayden,* for property owners opposing motion.

LAWRENCE, *J.*— This is a motion made on behalf of certain property owners to set aside and vacate the order made herein,

at the special term of this court, appointing commissioners of estimate and assessment, and the order made herein at the special term affirming the report of the said commissioners, and the order made herein by the general term affirming the last above mentioned order, and that the court declare such proceedings null and void, and of no force and effect, and for such other and further relief as to the court may seem just. It would appear anomalous, at the first blush, to ask a justice of this court, sitting at chambers, to vacate and set aside an order made by the general term; but it is claimed that under the acts pursuant to which these proceedings were instituted, no jurisdiction was acquired by the commissioners of estimate and assessment, over the lands taken and assessed, for the reason that the park-way is neither a street, road or avenue within the meaning of chapter 604 of the Laws of 1874. Therefore, the counsel for the objecting parties urge that they are regular in making this motion, on the authority of the case entitled, *In the Matter of the Department of Public Parks to Acquire Land, &c.* (85 *N. Y.*, 459), where it was held that where commissioners of estimate and assessment had been appointed under the act of 1813, in proceedings for the opening of a street in the city of New York, such commissioners have no authority to pass upon the regularity or validity of the proceedings or the constitutionality of the act under which the proceedings are instituted, and that the confirmation of the report of such commissioners only makes the report final as to the matters properly submitted to and determined by them. In that case it seems to have been held that such a question might be presented by motion to vacate and set aside the proceedings, and the court referred in its opinion to the *Matter of the City of Buffalo* (78 *N. Y.*, 362). Notwithstanding, therefore, the apparent anomaly in asking the special term to vacate an order of the general term, made after hearing the parties, I shall proceed to dispose of this motion on the points presented.

It is now well settled that a party may waive a statutory

Matter of the Opening of the Spuyten Duyvil Park-way.

and even a constitutional provision made for his benefit, and that, having once done so he cannot ask for its protection (*See the opinion of* DANFORTH, *J., in the Court of Appeals, In re Application of Edward Cooper, Mayor, &c., to Acquire Lands for Gansvoort Market, decided October* 23, 1883).

Now in this case I think it may be argued, with very great force, that it is too late for the parties making this motion to object to the jurisdiction of the court, or to the right of the park commissioners to institute these proceedings. It appears by the affidavit of Mr. Berry, the assistant corporation counsel having charge of these proceedings, that on the 5th of November, 1878, notices that a motion for the appointment of commissioners of estimate and assessment would be made on November 30, 1878, were posted upon the lines of the proposed park-way, in the manner prescribed by law, and that notice was also duly published in the City Record ; that on the 4th of December, 1878, the commissioners were duly appointed upon the motion of the then counsel to the corporation, without any opposition having been made by any interested property owner.

That no appeal was ever taken from the said order ; that thereafter the commissioners of estimate and assessment proceeded in the performance of their duties, and on or about the 20th day of December, 1880, deposited their estimated report for objections, and published and posted notices of the same, and that their report would be presented to the court for confirmation on February 10, 1881. That on March 5, 1881, the bill of costs of the commissioners was presented to the court for taxation. That the same was referred to a referee to take proof and report. That counsel representing some, if not all, of the present moving parties, appeared before the referee on numerous occasions in opposition to the taxation of said bill. That the referee reported to the court on the 19th of April, 1881, and that the same counsel opposed the confirmation of said report. That on the 5th of May, 1881, Mr. justice BARRETT taxed said bill of costs at the amount reported

by the referee.    That from his decision an appeal was taken on June 6, 1881, to the general term, by the attorney for Mr. Van Cortlandt, one of the present moving parties.

That on the 29th of May, 1882, the general term affirmed the order of the special term, taxing said costs.    That on the 29th of August, 1882, the report of the commissioners was presented at special term for confirmation.    That the motion to confirm the same was opposed, among others, by the counsel who had appeared in opposition to the taxation of the costs.    That on the 9th of January, 1883, an order was entered confirming said report.    That on the 6th and 14th of February, 1883, appeals were taken from the order of confirmation, by both Van Cortlandt and the city.    That in March, 1883, these appeals were withdrawn in open court, and that under the statute of 1874 (*chap.* 604) the awards became due and payable immediately upon the confirmation of the commissioners' report.    Under these circumstances, I think it must be held that the moving parties are now precluded from objecting to the jurisdiction of the commissioners or of the court.    Most, if not all of them, have been heard at every step and stage of the proceedings, and their objections have been duly considered.    All have been notified as required by law.    If there was anything to be passed upon by the special term, or the general term, which was not urged by counsel, I think such matters must be deemed to have been waived.    It certainly would be strange, that a party by aquiescence, or failure to present objections, can be held to have waived an absolute constitutional right, and yet that such party cannot be held to have waived the question of jurisdiction arising out of the interpretation or construction of a statute.    It does not seem necessary to go further upon this point than to refer to the opinion of the court of appeals in the matter of Cooper, hereinbefore cited. As to such objections as have already been heard and argued at the special and general terms, I shall hold myself precluded from discussing them, and as to such objections as

might have been raised by these parties in the former hearings, and which were not raised (if any such there were), I am of the opinion that the moving parties must be deemed to have waived them. An examination of the opinions heretofore rendered by the general term and special term, shows conclusively to my mind that the position is unsound, that the courts have determined that the land in question has not been taken for a street, road or avenue, square or public place, &c., in the sense in which these terms were used in section 1 of chapter 604 of the Laws of 1874. DANIELS, J., in delivering the opinion of the court in this case (27 *Hun*, 305), simply held that the parkway was not, strictly speaking, a street or avenue, as those terms were used in chapter 483 of the Laws of 1862, or a street, avenue, square or public place within chapter 86 of the Laws of 1813, and that the fees of the commissioners were not fixed or determined by such acts, and that therefore said commissioners were entitled to receive a reasonable compensation for the services performed by them. This was very far from determining that the lands in question were not to be appropriated for public use, as a street, road, avenue, public square or public place within the meaning of the act of 1874. And I agree with Mr. justice POTTER, that the general term has not held that the proposed parkway is not a street, avenue or road, but simply that it was not such an one as had been surveyed and mapped in the older part of the city, and as was contemplated by the legislature when the acts of 1813 and 1862 fixing the compensation of the commissioners were passed. In conclusion, as this case has been twice presented to the general term in different phases, and as the general term has not only affirmed the taxation of the costs of the commissioners, but also confirmed the report of such commissioners, I shall not assume that that tribunal has acted without jurisdiction, and therefore I am of the opinion that this motion should be denied, with costs.