*In re* NIAGARA FALLS & W. RY. Co.

*(Supreme Court, Special Term, Niagara County.* May, 1888.)

EMINENT DOMAIN—PUBLIC USE—WAIVER OF OBJECTION.

> Where the owner objects to the appointment of commissioners to appraise land attempted to be taken by a proposed railroad on the ground that the land was sought for private purposes, her failure to appeal from a decision that the purpose was public, and her consent to the appointment of commissioners, do not amount to a waiver of her rights, and she may afterwards move to set the order aside.

In the matter of the application of the Niagara Falls & Whirlpool Railway Company, to acquire title to land owned by Jane S. Townsend.  On motion to set aside order appropriating the lands.

*Timothy Ellsworth,* for the motion.  *Morris Morey,* opposed.

CORLETT, J.  On the 20th day of May, 1886, a petition was presented to take the lands of Jane S. Townsend for railway purposes.  She answered, putting in issue, among other things, the allegation that the lands sought to be taken were for public use.  A trial was had before a special term in June, 1886.  The court found, among other facts, "that the taking of the lands described in the petition for a roadway for the construction and operation of the proposed railway of said company is a taking for public use."  The court found as conclusion of law, "that the petitioner is entitled to the order of the court for the appointment of commissioners, as asked for in said petition."  In pursuance of this decision, an order was entered reciting the proceedings had, and stating, in substance, among other things, that the issues presented had been tried and decided in favor of the petitioner.  It then recites that the parties consented in writing to the selection of three commissioners, naming them, to ascertain and appraise the compensation to be made to the persons interested in certain lands therein described.  It appeared by the proceedings that the proposed railway was nearly three miles long, and its entire route along or near the edge of the waters of the Niagara river, at the foot of its high bank.  Also that there was no traffic along the line of the proposed road.  The commissioners appointed by the order met in October, 1886, and after various hearings, and the appointment of another commissioner in place of one deceased, they made their report in February, 1888, fixing the value of the land at $7,500.  No appeal was taken from the order of the special term in this proceeding, and both parties appeared before the commissioners by counsel, and litigated the question of value, also the amount which should be awarded because of the appropriation of the lands.  Afterwards, and in the month of December, 1886, proceedings were instituted to

acquire title to certain lands owned by the Deveaux College for the same railway. The college interposed an answer presenting the same questions as were decided in the *Townsend Case*. The issues were decided in the same way, except that a portion of the land sought to be obtained was adjudged to be already appropriated to public use, and therefore could not be taken for railway purposes. The order based upon that decision was appealed from to the general term, where it was decided that the court had no jurisdiction, because notice had not been given to all the owners over which the proposed route passed. 46 Hun, 94. From that decision an appeal was taken to the court of appeals, which decided in February last, (15 N. E. Rep. 429,) that the road was à private enterprise, and not public, in such a sense that any of the lands along its line could be condemned for railway purposes. This motion is based upon that decision. It has been adjudged that when there are jurisdictional defects, the proceedings may be set aside on motion. *In re City of Buffalo*, 78 N. Y. 362, 16 Hun, 497; *In re Department of Public Parks*, 85 N. Y. 459, 464; *Kamp* v. *Kamp*, 59 N. Y. 212. But it is insisted that by consenting to the appointment of commissioners, and proceeding before them, the right to move is waived. *In re Cooper*, 93 N. Y. 507 In that case the decision rested upon the ground that there had been no opposition to the petition asking for the appointment of commissioners; that in fact the owner joined in the petition, and asked the appointment of one of the commissioners. The same is true in *Re Opening of Spuyten Duyvil Park-Way*, 67 How. Pr. 341. Here commissioners were not agreed upon until after the petitioner's right to their appointment was adjudged against the opposition of the land-owner. She denied the right of the company to take it, because it was not for a public use; that therefore it could not be condemned or taken from her by appraisal. When this was decided against her, she agreed with the company as to who the commissioners should be, and omitted to appeal from the order. In *Avery* v. *Slack*, 17 Wend. 85, 87, the court say: "But it is said the defendant waived the objection by pleading over. Not so; he made a specific objection in due season, and, that being overruled, he was compelled to plead or give up all he had to say on the merits. Resistance to the extent of a man's power is certainly a new kind of waiver." To the same effect are *Baldwin* v. *McArthur*, 17 Barb. 414; *Gates* v. *Ward*, 427; *Jones* v. *Jones*, 15 N. E. Rep. 707. So here the land-owner objected to the appointment of any commissioners, claiming that the land sought to be obtained was for private and not public purposes. In this contention she was beaten; there was no alternative except to appeal from the order, or do the best she could under it. The latter course was adopted. It is now decided by the court of last resort that her contention was right. The fact that she wished to obtain as favorable commissioners as possible, and consented to the appointment of certain individuals after the decision against her, cannot be construed as a waiver. The cases cited by the learned counsel for the company do not so hold. The question here presented was not up in either of those cases. The cases above cited apply to this motion. If the owner in this case had made no objection to the condemnation of the land, but had acquiesced in the proceedings, her right to make the motion would be waived. But it was not a waiver to agree upon commissioners after she had unsuccessfully contended against their appointment. Nor was her omission to appeal a waiver. The acceptance of the decision of the special term as the law cannot be construed into an abandonment of her right to insist upon it, after it is authoritatively adjudged in her favor on the ground urged by her before the court by which she was beaten. The rights of the parties growing out of the litigation on the subject of costs are not before the court on this motion. Application granted, with $10 costs.