CITY OF SYRACUSE v. STACEY et al.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1899.)

1. EMINENT DOMAIN—PROCEEDINGS TO ASSESS COMPENSATION—OFFER TO PURCHASE—COSTS.

In proceedings by a city for condemnation of real property, the plaintiff made no written offer to purchase the property before the service or filing of its original petition, but the amount awarded the owners by the commissioners was deposited upon the filing of their report, which was subsequently set aside, and the petition was amended. *Held*, that the deposit so made was not equivalent to an offer to purchase the property contemplated by Code Civ. Proc. § 3372, providing that the defendant may recover costs if no written offer to purchase the property is made before service of petition.

2. SAME—COSTS—ADDITIONAL ALLOWANCE.

The extra allowance of costs, "not exceeding 5 per cent. upon the amount awarded," recoverable by a defendant in condemnation proceedings, if no

written offer to purchase the property is made, as provided by Code Civ. Proc. § 3372, is a matter resting largely in the discretion of the court.

Appeal from special term, Jefferson county.

Proceedings by the city of Syracuse for the condemnation of real property against Richard M. Stacey and others. From so much of an order confirming the report of the commissioners of appraisal as awarded costs and additional allowances to the defendants, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, SPRING, and SMITH, JJ.

Charles L. Stone, for appellant.

Charles A. Hawley, Edwin Nottingham, and George Barrow, for respondents.

ADAMS, J. Section 3372 of the Code of Civil Procedure provides that, in a proceeding of this nature, the plaintiff, before service of his petition and notice, may make a written offer to purchase the property at a specified price, and that such offer must, within 10 days thereafter, be filed in the office of the clerk of the county where the property is situated. It is also provided that, if no such offer was made, "the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, * * * and that the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded." In this case the original petition was filed on the 3d day of December, 1892, and up to that date confessedly no offer had been filed or made by the plaintiff. On the 7th day of May, 1894, the report of the commissioners appointed in pursuance of the petition and of the judgment entered thereon was duly filed; whereupon the plaintiff made a deposit of the amount awarded the several defendants. Subsequently these awards were set aside, and the original petition was amended, and it is now claimed that the deposits thus made were equivalent to the offer contemplated by the provision of the Code above referred to.

We do not think this claim is tenable. The object of such an offer as the one in question is clearly twofold: First, it enables the landowner, if he so elects, to obtain compensation for his land without incurring the expense and annoyance of a litigation; and, second, it requires him to satisfy the commissioners that his land exceeds in value the amount offered therefor, as a condition of recovering costs of the plaintiff. It is obvious, therefore, that, to accomplish either of these objects, the offer must be made before the commissioners make their award; and that, as we have seen, was not done in the present case.

So far as the matter of an extra allowance is concerned, it is only necessary to say that the awarding thereof rested largely in the discretion of the special term; and, in view of the protracted, expensive, and severely contested litigation which characterized this proceeding, we are inclined to think that such discretionary power has, in this instance, been most wisely exercised.

So much of the order as is appealed from should consequently be affirmed, with $10 costs and disbursements. All concur.