(Supreme Court, Special Term, New York County.  May, 1901.)

1. CONDEMNATION PROCEEDINGS—COMPETENCY OF COMMISSIONERS.
    An objection to the competency of a commissioner of estimate and assessment, first raised on confirmation of his report, comes too late, where he makes affidavit that he had disposed of any property owned by him within the area of assessment before the filing of the report.

2. SAME—SUBSTANTIAL AWARD.
    Where land is taken by a city in condemnation proceedings, the owner thereof is entitled to substantial award, though other parties had easements in the land.

3. SAME.
    Where a city destroys buildings erected with the consent of the owners of private easements in the land, which is shown by a map to have once been a street, but which was neither worked nor opened as such within six years from the filing of the map, the owner of the buildings is entitled to a substantial award.

4. SAME.
    An award of $93.75 to an owner of land valued at $625, and an award of $435.35 to an owner of land, with the buildings, valued at $4,180, is not a substantial award, within the law, requiring a substantial award to parties on condemnation of land by a city.

In the matter of acquiring title to Summit avenue, from East 161st street to East 166th street, in the city of New York.  Objections to confirmation of report of commissioners.  Objections sustained.

John Whalen, Corp. Counsel (John P. Dunn, Asst. Corp. Counsel), for city of New York.

McCarty & Baldwin and Robert J. Fox, for objectors.

LAWRENCE, J.  In this case I am of the opinion:

1. That the amounts awarded to the objectors, Weinstock and Purdy, for the parcels shown on the damage map as Nos. 57 and 58, cannot be said to be so inadequate as to justify the court in interfering with the determination of the commissioners.  The commissioners were not concluded by the opinion as to value given by the expert who was examined on behalf of the property owners, and were entitled to act upon their own judgment as to that subject, as has been frequently held in proceedings of this nature.  City of Syracuse v. Stacey, 45 App. Div. 260, 60 N. Y. Supp. 1106, and cases cited.

2. The objection to the competency of Mr. Brown to act as one of the commissioners is not well taken, for the reason that the objectors appeared before the commissioners and litigated before them without objection, and also because the affidavit of said commissioner, read in reply to the affidavits in support of such objection, shows that he did not own any property within the area of assessment, and that the property referred to in the objector's affidavit, owned by him and his mother, was disposed of before the filing of the final report.  In re Southern Boulevard, 3 Abb. Prac. (N. S.) 447; In re Opening of Spuyten Duyvil Parkway, 67 How. Prac. 341; In re Cooper, 93 N. Y. 507.

3. With regard to the objections urged by Mr. Fox on behalf of the Messrs. Devoe and Mrs. Raynor, I think that it is quite clear that there were private easements in the street shown upon the map of High Bridgeville, which was filed in the office of the clerk of Westchester county. The street delineated upon that map never became a public highway or street, because, under Acts 1861, c. 311, as it was not opened or worked within six years from the time of the filing of such map, it ceased to be a road or street for any purpose, as regards the public. I do not think, however, that it can be successfully contended that there were not private easements in that property existing in those who had purchased from grantors, whose deeds referred to the map in question, and the Messrs. Devoe and Mrs. Raynor come within that class. It is well settled that the owner of land which is subject to easements vested in adjoining owners is entitled to substantial damages where the fee is sought to be acquired under legislative or municipal authority for the purposes of a public street. City of Buffalo v. Pratt, 131 N. Y. 293, 30 N. E. 233. The only question as to the awards in this case made to the Messrs. Devoe and Mrs. Raynor is as to whether they are nominal or substantial. The expert examined on behalf of the city testified, in substance, that, if the street were not dedicated to public use, he would estimate the value of the lots found within the limit of the avenue from 161st to 165th street at $33\frac{1}{3}$ cents per square foot. I understand it to be conceded that the allowance made by the commissioners to the Messrs. Devoe and to Mrs. Raynor is at the rate of 5 cents per square foot. The Messrs. Devoe owned 1,875 square feet, which, at $33\frac{1}{3}$ cents per square foot, would amount in value to $625. Mrs. Raynor owned 9,000 square feet, which, at $33\frac{1}{3}$ cents per square foot, would amount in value to $3,000, and the valuation placed upon her buildings by the expert for the property owners was $1,180. These parties have been awarded by the commissioners as follows: Messrs. Devoe, $93.75; Mrs. Raynor, $435.35; and no award was made to Mrs. Raynor for the buildings. It seems to me that, under these circumstances, it is apparent that the commissioners have not made a substantial award to these parties. By this I do not mean that the rule that the commissioners are entitled to act largely upon their own judgment in fixing values should be disregarded; but the difference between the value given by the witnesses and the award for damages made by the commissioners is so great that I think the commissioners must have regarded the land taken as subject not only to private, but to public, easements. Nor do I think that, as the land taken had never been worked as a public road or highway, it can be said that the buildings for which Mrs. Raynor asked compensation were illegally erected within the line of the proposed street. They were permitted by the owners of the private easements, for aught that appears to the contrary, to be built, and the city ought not to take and destroy them without making compensation for their value. The report of the commissioners should therefore be sent back for revision and correction in accordance with these views.

Ordered accordingly.