In the Matter of the DEPARTMENT OF PUBLIC PARKS to acquire Lands, etc.

Commissioners of estimate and assessment appointed under the act of 1813 (Chap. 86, Laws of 1813), in proceedings for the opening of a street in the city of New York, have no authority to pass upon the regularity or validity of the proceedings, or the constitutionality of the act under which the proceedings are instituted.

The confirmation of the report of such commissioners only makes the report final as to matters properly submitted to and determined by them.

Accordingly *held*, that the confirmed report of such commissioners was not final as to, and did not involve the constitutionality of the act under which the proceedings were instituted (Chap. 604, Laws of 1874); and that this question was not brought here on appeal from the order of confirmation.

As to whether the constitutional question was involved in the order appointing the commissioners, *quære*.

*It seems* that such question may be presented by motion to vacate and set aside the proceedings.

(Argued May 31, 1881 ; decided June 14, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made April 8, 1881,

which affirmed an order of Special Term, confirming the report of commissioners of estimate and assessment. (Mem. of decision below, 24 Hun, 378.)

The nature of the proceeding and the facts are stated in the opinion.

*D. J. Dean* for appellant.   An order of the General Term, affirming an order of the Special Term, confirming the report of commissioners of estimate and assessment, in a street opening proceeding, is appealable to the Court of Appeals where the question raised is one affecting the constitutionality of the act, under authority of which the proceeding was instituted. (Art. 6, § 6 of the State Constitution ; Code of Civil Procedure, §§ 190, 1324 ; *Matter of Sackett and other Streets,* 74 N. Y. 95 ; *In re N. Y. C. & H. R. R. R. Co.* v. *Marvin,* 11 id. 276 ; *In re Canal and Walker Streets,* 12 id. 406 ; *King* v. *The Mayor, etc.,* 36 id. 182 ; *Mayor, etc.,* v. *Erben,* 38 id. 305 ; *Matter of Commissioners of Central Park,* 50 id. 493 ; *In re N. Y. C. & H. R. R. R. Co.,* 64 id. 60 ; *R. & S. R. R. Co.* v. *Davis,* 43 id. 137 ; *In re Broadway Widening,* 49 id. 150, 153 ; *People ex rel. Citizens' Gas-light Co.* v. *Board of Assessors, etc.,* 39 id. 88, 89.)   The objection to the constitutionality of the act of 1874 was properly raised upon the presentation for confirmation, to the Special Term, of the report of the commissioners of estimate and assessment. (*Ex parte Livingston,* 34 N. Y. 555 ; *Jones* v. *N. & N. Y. S. Co.,* 50 Barb. 193 ; *Callahan* v. *Mayor,* 66 N. Y. 656 ; *Kamp* v. *Kamp,* 59 id. 212 ; *Savage* v. *Olmstead,* 2 Redf. 478 ; *Roderigas* v. *East River Sav. Inst.,* 11 J. & S. 217 ; affirmed in 19 Alb. L. J. 385 ; *Burnham* v. *De Bevoise,* 8 How. Pr. 159 ; *Budd* v. *Bingham,* 18 Barb. 494 ; *Stannard* v. *Eytinge,* 5 Robt. 90 ; *Coffin* v. *Reynolds,* 37 N. Y. 640 ; *McMahon* v. *Rauhr et al.,* 47 id. 67 ; *Gould* v. *Glass,* 19 Barb. 179 ; *People* v. *Brennan,* 3 Hun, 666 ; *Ex parte Foster,* 15 id. 387 ; Cooley's Constitutional Limitations [2d ed.], 397.)   Chapter 604 of the Laws of 1874 is a local act. (*People* v. *Hills,* 35 N. Y. 449 ; *People*

v. *O'Brien*, 38 id. 193; *People* v. *Briggs*, 50 id. 553; *Matter of Mayer*, id. 504.) The act of 1874 (Chap. 604) is unconstitutional, for the reason that, being a local act, the subject of opening streets is not expressed in the title, as required by section 16, article 3 of the Constitution. (*People* v. *O'Brien*, 38 N. Y. 194; *People* v. *Com'rs of Highways*, 53 Barb. 73; *People* v. *Hill*, 35 N. Y. 450; *Town of Fishkill* v. *Fishkill & B. P. Rd. Co.*, 22 Barb. 634, 641, 642; *Durkee* v. *Janesville*, 26 Wis. 697; *People* v. *Allen*, 42 N. Y. 404; *People ex rel. City of Rochester* v. *Briggs*, 50 N. Y. 553; *Wenzler* v. *People*, 58 id. 536; *In re Sackett, Douglass and DeGraw Streets*, 74 id. 95; *Sun Mut. Ins. Co.* v. *The Mayor*, 8 id. 241; *People ex rel. The Board of Commissioners of Washington Park* v. *Banks*, 67 id. 568; *Nuendorff* v. *Duryea et al.*, 69 id. 558; *In re Volkening*, 52 id. 560.)

*James A. Deering* for Zugner and others, respondents. The appeal should be dismissed. The order of the General Term is not appealable to this court. (Chap. 86, Laws of 1813; chap. 697, Laws of 1867; chap. 604, Laws of 1874; *Matter of Commissioners*, 50 N. Y. 493; *Matter of Canal and Walker Streets*, 2 Kern. 406; *King* v. *The Mayor*, 36 N. Y. 182; *Matter of Kingsbridge Road*, 4 Hun, 599; affirmed, Ct. of App., Sept., 1875; *N. Y. C. R. R.* v. *Marvin*, 1 Kern. 276; *People ex rel. Lunney* v. *Campbell*, 72 N. Y. 496.) The order appointing the commissioners of estimate and assessment, made upon the application of the city, is an adjudication conclusive in this proceeding upon the city, the applicant, that the Central park commissioners, for and in behalf of the mayor, had authority to take the lands in question. (*Matter of Com'rs of Central Park*, 50 N. Y. 494; *Patchin* v. *Mayor*, 13 Wend. 164; *R. & S. R. R. Co.* v. *Davis*, 43 N. Y. 137; *Porter* v. *Purdy*, 29 id. 106; *Embury* v. *Connor*, 3 Comst. 512.) The only question reviewable upon the motion to confirm the report of the commissioners is the action of the commissioners in respect to awards and assessments. (*Matter of Com'rs, etc.*, 50 N. Y. 493; *Porter* v. *Purdy*, 29 id. 106; *R. & S. R. R.*

*Co.* v. *Davis,* 43 id. 137.) By assenting to the statute as evinced by its acts under it in taking proceedings to acquire title to the streets, and obtaining the order appointing commissioners, the city waived any right to question its constitutionality. (*Houston* v. *Wheeler,* 52 N. Y. 641; *Phyfe* v. *Eimer,* 45 id. 102; *People* v. *Murray,* 5 Hill, 468; *Heyward* v. *Mayor,* 8 Barb. 486.) Chapter 604, Laws of 1874, is constitutional. (*Connor* v. *The Mayor,* 5 N. Y. 285, 297; 8 id. 241; 41 id. 137; 19 id. 116; 16 id. 58; *Guest* v. *Brooklyn,* 69 id. 506.)

*John C. Shaw* for property-owners, respondents. The order is not appealable. (*Matter of Com'rs of Cent. Park,* 50 N. Y. 493.) The act of 1874 is not unconstitutional because of its title. (*Connor* v. *Mayor,* 5 N. Y. 285; *Sun Mut. Ins. Co.* v. *Mayor,* 8 id. 241; *Cronell* v. *Lawrence,* 41 id. 137; *Matter of Mayer,* 50 id. 504; *City of Rochester* v. *Briggs,* id. 553; *Matter of Tappen,* 36 How. 390; *Matter of Volkening,* 52 N. Y. 650.)

EARL, J. This is a proceeding to acquire title to certain lands in the city of New York for the opening of certain streets under chapter 604 of the Laws of 1874, and other statutes. Upon the application of the commissioners of the department of public parks, commissioners of estimate and assessment were appointed under the act (Chap. 86 of the Laws of 1813) by which the proceeding is regulated. The application was upon due notice as required by law and does not seem to have been opposed. A hearing was had before the commissioners thus appointed and they made their report. The corporation counsel of the city of New York appeared at the Special Term of the Supreme Court and objected to the confirmation of the report on behalf of the city on the ground that the act under which the park commissioners claimed to act in applying to the court for the appointment of commissioners, to-wit: Chapter 604 of the Laws of 1874, is unconstitutional and void, and that, therefore,

the proceeding should be dismissed. The court overruled the objection and confirmed the report. The city then appealed from the order of confirmation to the General Term, and there the order was affirmed, and then it appealed to this court.

This motion is now made to dismiss this appeal on the ground that the order is not appealable to this court, and we are of opinion that the motion should be granted.

It is provided in section 178 of the act of 1813, that the report of the commissioners when confirmed "shall be final and conclusive," and this language has been repeatedly held to preclude an appeal to this court. (*Matter of Commissioners of Central Park*, 50 N. Y. 493.)

It is conceded by the learned counsel for the city that the report of the commissioners when confirmed was final and conclusive as to the amount of awards for land taken and the assessments for benefits; but he claims that it was not final and conclusive as to the constitutional question raised by him and he is undoubtedly right. (See opinion of ANDREWS, J., in the *Matter of Lange*, recently decided in this court.[*])

The report of the commissioners was final only as to the matters which they were called upon to determine. They had no right to pass upon any questions relating to the regularity or validity of the proceeding, or the constitutionality of the act under which the proceeding was instituted, and such questions, therefore, remain unaffected by their report, and the confirmation makes the report final only as to the matters submitted to the commissioners and by them determined.

Hence no constitutional question was involved in the orders made below, and none is brought here by this appeal. And for this conclusion the unreported case above cited is also authority.

We do not determine whether or not the constitutional question was involved in the order appointing the commissioners or the effect of that order, as there has been no appeal from it, and it is not brought up for review by this appeal. Unless the

---

[*] *Ante,* p. 307.

city is concluded by that order it may raise the constitutional question when it shall be sued for the awards or any attempt is made to enforce them. There is probably another way in which the city can present the constitutional question, and that is by motion to vacate and set aside the entire proceeding on the ground that it was wholly unauthorized by law, and for such a motion the case of *Matter of the City of Buffalo* (78 N. Y. 362) would seem to be authority.

The appeal should be dismissed, with costs.

All concur, except FOLGER, Ch. J., absent.

Appeal dismissed.