In the Matter of the Application of the BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK to Acquire Title to Lands.

An order of the General Term of the Supreme Court affirming an order of Special Term confirming the report of the commissioners of estimate and assessment in proceedings to acquire title to lands for the purpose of establishing a public place in the city of New York under the act of 1884 (Chap. 451, Laws of 1884), is not reviewable here.

Such an order is not made appealable, on the ground that its effect is to overrule the objections of the landowners and their request that the proceedings be discontinued, where it does not appear by the record that any order was made upon the objections and request, either independently or embodied in the order made; only the order made and appealed from can be considered.

(Argued December 11, 1888; decided December 18, 1888.)

APPEAL by landowners from an order of the General Term of the Supreme Court in the first judicial department, made May 18, 1888, which affirmed an order of Special Term confirming the report of the commissioners of estimate and appraisal, appointed in proceedings to acquire title to lands in the city of New York, for the purpose of establishing a public place in the twenty-second ward of that city, pursuant to the provisions of chapter 451 of the Laws of 1884.

*John C. Shaw* for appellants. The order of the General Term, affirming the order of the Special Term confirming the report, and thereby overruling the objections of the property owners to discontinue the proceedings under the statute, is appealable to this court. (*In re Canal and Walker Streets*, 12 N. Y. 406 ; *King* v. *Mayor, etc.*, 36 id. 182; *In re Comrs. of Central Park*, 50 id. 493 ; *In re One Hundred and Thirty-eighth Street*, 61 How. 284; *N. Y. C. R. R. Co.* v. *Martin*, 11 N. Y. 276 ; *R. & S. R. R. Co.* v. *Davis*, 43 id. 137 ; *In re Brooklyn, etc., R. R. Co.*, 72 id. 245 ; *In re Mayor, etc.*, 49 id. 150; *In re City of Buffalo*, 78 id. 362; *In re Dept. of Parks*, 85 id. 450; *Embury* v. *Conner*, 3 Comst. 511 ;

*Holden* v. *Putnam Fire Ins. Co.*, 46 N. Y. 4 ; *Stearns* v. *Phœnix Ins. Co.*, 41 id. 150, 154 ; *In re Ryers*, 72 id. 1 ; *In re Swan*, 97 id. 492 ; Code of Civ. Pro. § 190, subd. 3.)

*D. J. Dean* for respondent. No jurisdictional question is involved in the orders made below, and none is brought here by this appeal. (*In re Dept. Pub. Parks*, 85 N. Y. 459 ; Laws of 1813, chap. 36 ; Laws of 1839, chap. 209 ; Consolidation act, § 990.) The question of the regularity or validity of this proceeding cannot be raised by an appeal from the order of confirmation. (*In re Dept. of Pub. Parks*, 85 N. Y. 459.) No appeal lies to this court from the order of the General Term affirming the Special Term order confirming the report of the commissioners. (*In re Riverside Park*, 50 N. Y. 493 ; *In re Dept. Pub. Parks*, 85 id. 459 ; *King* v. *Mayor, etc.*, 36 id. 182 ; *Mayor, etc.*, v. *Erben*, 38 id. 305 ; Laws of 1813, chap. 86, § 178 ; *N. Y. C. R. R. Co.* v. *Marvin*, 11 N. Y. 276 ; *People* v. *Quigg*, 59 N. Y. 83 ; *In re N. Y., W. S. & B. R. R. Co.*, 94 id. 295 ; *In re D. & H. Canal Co.*, 69 id. 211 ; *People* v. *Betts*, 55 id. 600.)

GRAY, J. We think the appeal should be dismissed. The authority to establish the public place, or park in question, is found in the act of the legislature contained in chapter 451 of the Laws of 1884. In its second section, the act provides that the proceedings to acquire the title to the lands described shall be taken "in the manner prescribed in and subject to all the provisions of section 955 of chapter 410 of the Laws of 1882," which is known as the consolidation act. That section of the consolidation act provides that "the proceedings to acquire title to such lands shall be had pursuant to such acts as shall then be in force relative to the opening, etc., of streets, roads, avenues and public squares and places in the city of New York, which said acts are hereby made applicable to the streets and avenues, etc., and to the proceedings authorized thereby." By force of these provisions we are remitted, in our consideration of what proceedings are authorized in such matters, to the general street opening acts. The procedure

thereby prescribed has been construed to preclude an appeal to this court from the order of the Supreme Court confirming the report of the commissioners. (*Matter of Department of Public Parks*, 85 N. Y. 459; *Matter of Commissioners of Central Park*, 50 id. 493.)   The theory underlying this construction is that these proceedings form an independent and complete system, especially created by the legislature, and not connected with or controlled by the provisions of the Code of Civil Procedure applicable to appeals to this court.

But the appellants contend that the order is made appealable, because the effect of the General Term order was to overrule the objections of the landowners and their request that the proceedings be discontinued.   They argue that the question of the discontinuance does not come before the commissioners, but that it was a distinct and independent proceeding, provided for to stop further action on their report, upon its coming into the Supreme Court.

Section 990 of the consolidation act, to which this proposition has reference, provides, when that objection is competently made, that "the court shall order the same to be discontinued."   But it does not appear in the record before us that any order was ever made upon these objections and request, independently, or embodied in the order made by the court, and we could consider nothing on an appeal save the orders which have been made in the courts below and which have been appealed from.   We do not think that the order of the Special Term, which simply confirms the report of the commissioners, can be construed to intend more than the plain import of its language.

The appeal should be dismissed, with costs.

All concur, except EARL, J., not voting.

Appeal dismissed.