In the Matter of the Application of the BOARD OF STREET OPENING AND IMPROVEMENT of the City of New York as to ALEXANDER AVENUE.

The provision of the New York City Consolidation Act (§ 990, chap. 410, Laws of 1882), requiring the discontinuance of proceedings for a street opening, when upon the hearing for the confirmation of the commissioners' report a majority of the persons interested appear and object to further proceedings, does not apply to proceedings by the board of street opening and improvement for the opening of a street of the first class.

An order of the General Term affirming an order of Special Term confirming the commissioners' report in such proceedings is not reviewable here.

(Argued May 23, 1892; decided June 7, 1892.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, entered upon an order made February 18, 1892, which affirmed an order of Special Term confirming the report of commissioners of assessment.

The proceeding was commenced by the board of street opening and improvement of the city of New York for and on behalf of the mayor, aldermen and commonalty of the city of New York, for the purpose of opening that part of Alex-

ander avenue extending from Harlem river to Third avenue in the twenty-third ward of the city of New York, as a first-class street, pursuant to several acts of the legislature of the state.

It was necessary for the purpose of opening such avenue to take certain lands with the buildings and improvements thereon mentioned in the petition of the above named board and particularly described therein. That petition was presented to the Supreme Court sitting in New York city, and three commissioners of estimate and assessment were appointed for the purpose of performing the duties relating to the premises, as required by law.

Various hearings were had before this commission in regard to the value of the property to be taken and the assessment to be made. The Harlem River and Port Chester Railroad Company, whose rights were affected by the proposed taking of the land for the avenue above mentioned, appeared before the commission and made various objections, and gave proof of various facts upon the subject-matter of the investigation. The commissioners duly made their report to the Supreme Court, and the above mentioned company thereupon specified in writing its objections to the confirmation of the report and, upon the hearing of the motion to confirm the same, such written objections were presented to the court, and it also appeared by affidavit and in due form that the railroad company objected to the further proceedings upon the report of the commissioners, and upon its presentation to the court then and there prayed that they should be discontinued; and in that affidavit it alleged facts which the company claimed brought it within section 990 of the Consolidation Act in relation to the city of New York, and which gave it a right to demand a discontinuance of further proceedings to open the avenue. The order made upon the motion to confirm the report, recited that the railroad company did, upon the hearing of that motion, interpose an objection to further proceedings upon the said report, and prayed that they might be discontinued, and the order contained the following language: " Now upon reading and filing the written objection of the

Harlem River and Port Chester Railroad Company to further proceedings upon the said report, dated 1891, and the said affidavit of Henry W. Taft in support of said objection, it is ordered that the objections interposed by the said objectors be overruled, that the said motion be and the same is hereby granted, and that the said report of said commissioners be, and the same is hereby, in all respects confirmed."

The railroad company made various other objections to the confirmation of the report in addition to the above objection, all of which were overruled, and the report as above mentioned was confirmed by the Special Term of the Supreme Court.

*Henry H. Anderson* for appellant. In this case appearance and objection was made as provided by the statute, but the court refused to order a discontinuance and confirmed the report. This was erroneous. (Laws of 1882, chap. 410, §§ 677, 678, 956, 960, 963, 990; Laws of 1876, chap. 436; Laws of 1885, chap. 185, § 1; Laws of 1839, chap. 259, § 1.)

*D. J. Dean* for respondent. No appeal lies to this court from the order of the General Term affirming the Special Term order confirming the report of the commissioners of estimate and assessment. (*In re Riverside Park,* 50 N. Y. 493; *In re Dept. of Public Works,* 85 id. 459; *King* v. *Mayor, etc.,* 36 id. 182; *Mayor* v. *Erben,* 38 id. 305; Laws of 1813, chap. 86, § 178; Laws of 1882, chap. 410, § 990; *In re Board of Street Opening,* 111 N. Y. 581; Laws of 1850, chap. 140; *In re N. Y. C. & H. R. R. R. Co.,* 1 Ker. 276; *People* v. *Quigg,* 59 N. Y. 83; *In re N. Y., W. S. & B. R. R. Co.,* 94 id. 295; *In re D. & H. C. Co.,* 69 id. 211; *People* v. *Betts,* 55 id. 600.) The provision of section 990 of the Consolidation Act, authorizing a discontinuance upon the application of persons who appear by the report to represent a majority in amount of the whole assessments and awards, does not apply to a proceeding for the opening of a first-class street. (*In re Dept. of Public Works,* 89 N. Y. 459; 99 id. 683; *In re*

*Board of Street Opening*, 16 N. Y. S. R. 91; Laws of 1887, chap. 72; Laws of 1876, chap. 436; Laws of 1882, chap. 410, §§ 16, 670, 673.)

PECKHAM, J.    It is urged by the counsel for the city that the order in this proceeding is not appealable to this court.

The general rule is as claimed by the counsel, and so we have decided many times    (*Matter of Board of Street Opening, etc.*, 111 N. Y. 581, and cases cited.)

It is contended, however, that this is somewhat of a different case, inasmuch as it appears in the order that a request to discontinue was made and denied.    The order does recite that objection was set up to the confirmation and a request made · for the discontinuance of the proceedings upon the coming in of the report, and the request and objections were overruled and the report was confirmed.    If the provision for discontinuance were inapplicable to a proceeding to open a street of the first class, the objection is without force, and the statute making the order of confirmation final and conclusive applies to such a case as this.    A brief glance at the legislation on this subject will enable us to judge clearly of the merits of this objection.

The act of 1813, in regard to the procedure for opening streets, did not contain any provision for discontinuing proceedings upon the application of a certain proportion in amount of those interested in the assessments for benefits or award for damages.    It did provide that the order of confirmation should be final and conclusive.    In 1839 (Chap. 209) a provision was for the first time inserted regarding discontinuance.    In 1874 (Chap. 604, § 2), and again in 1876 (Chap. 436, § 1), it was provided for opening streets in the northern part of New York under a new body, the park commissioners, and then by a later statute they were superseded by the present board of street opening.    In the last-named acts, provision was made for opening in the new district streets and avenues of three classes, called respectively streets of the first, second and third class.    In regard to streets of the first class, it was

provided they should be opened whenever the board should think the public interests required it, while as to streets of the second and third classes, they were only to be opened upon request of a certain proportion of the owners of the frontage, being one-third in regard to the second class, and three-fourths in regard to the third class.

The proceedings to open the streets were to be those in force when the application should be made. The statutes thus stood down to the time of the passage of the Consolidation Act.

In regard to streets not opened under the jurisdiction of the park commissioners as provided for under the acts of 1874 and 1876, the proceedings took place under the title of the mayor, etc., and pursuant to the acts of 1813 and 1839. Under proceedings by the park commissioners to open streets the question is whether in case the opening of a street of the first class (which the avenue in question is) under the acts of 1874 and 1876, that part of the act of 1839 providing for a discontinuance on request of the owners or persons interested applies. If it do, it might work the destruction of the purpose of the acts of 1874 and 1876, for under those acts and in that portion of the city covered by them a street of the first class could be opened whenever the board thought the public interests demanded it. And yet, if the provisions relating to discontinuing the proceedings upon objection of a certain proportion of the persons were to apply, the commissioners would be subject to the control of the persons interested while in the discharge of their duties in opening streets which in their judgment the public interests demanded should be opened. This we do not think was the intention of the act of 1874, as amended by the act of 1876.

By those acts the power and the responsibility were given to and reposed in the commissioners, and to them was confided the right to decide to open streets of the first class without reference to the wishes of those immediately interested as owners of lands to be taken, or of lands to be assessed for such taking. The convenience of the general public in the open-

ing of such a street either as a main route of travel or for drainage, as provided in the statute, might be at war with the interests of the owners of the lands. The commissioners were to judge, and their decision to open should not in the nature of the case be reviewable by owners who might be opposed in interest to the interest of the public. Hence, when in the judgment of the commissioners the public interests demanded an opening of a street of the first class, the provision for discontinuance plainly does not apply to such a case. There is room enough for its application to other proceedings not involving the opening of a street of the first class in that portion of the city.

It is urged, however, that the enactment of the Consolidation Act rendered the provisions of the act of 1839 applicable to all cases, and, therefore, applicable to the case of a street opening of the first class by the park commissioners. We do not think the claim rests on solid foundations. All parts of the act must receive full consideration and each must have force as far as possible. The two provisions as to opening streets of the first class and as to discontinuing proceedings to open streets, must each have effect, if it is possible to give it. Taking into consideration the history of the legislation leading up to the re-enactment of these measures in the Consolidation Act, I think it entirely plain that the provision for discontinuing refers only to those cases where other and inconsistent provisions are not made, and that in case of a street opening of the first class in upper New York in the name of the park commissioners (or now in the name of the board of street opening), the right to demand a discontinuance does not exist by virtue of section 990 of the Consolidation Act. As the provision for such discontinuance does not apply to a street opening of the first class, the order made confirming the report was final and conclusive under the statute, and is not, therefore, appealable here.

We do not say that in any case the order confirming the report of the comissioners is appealable here, even if we should be of the opinion that it erroneously denied the application to discontinue and confirmed the report. So long as the report

is confirmed, it might be alleged that no appeal lies here, because the statute so declares, no matter what ground was set up as a reason for not confirming it. We do not decide that question. We hold on this appeal that the portion of the statute providing for discontinuing does not apply to this case, and hence nothing prevented the full application of the provision of the section that the order entered confirming the report should be final and conclusive.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed. ·  _____