(32 App. Div. 210.)

### In re GRAND BOULEVARD AND CONCOURSE.

#### Appeal of McCAFFERTY.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

EMINENT DOMAIN—APPEAL—REVIEW.

An appeal from an order confirming the report of commissioners of estimate and assessment does not bring up for review the right of the city to acquire title to any part of the land specified in the order appointing them, but the proper method of attack is to move to vacate or modify the latter order in that regard.

Appeal from special term, New York county.

In the matter of the Grand Boulevard and Concourse. From an order confirming the report of commissioners, fixing and determining the damages sustained by a landowner for land taken for city purposes, Robert McCafferty appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Henry A. Gumbleton, for appellant.
John P. Dunn, for respondent.

McLAUGHLIN, J. Appeal from an order confirming the report of commissioners of estimate and assessment in so far as it determined the damages sustained by the appellant for land taken by the city of New York for the purpose of laying out and improving a public street, called the "Grand Boulevard and Concourse." The proceeding to lay out the street was instituted by the publication and posting of notices in accordance with the provisions of chapter 130 of the Laws of 1895. At the time stated in the notices, commissioners were duly appointed to estimate and assess the value of the land proposed to be taken, and to fix and determine the damages sustained by the respective landowners by reason thereof. Thereafter the commissioners, in pursuance of the direction contained in the order appointing them, fixed and determined the damages sustained by the appellant, and made a report of their proceedings to the court. The report was confirmed, and this appeal is taken from the order of confirmation.

The appellant contends that inasmuch as the legislature, in authorizing the improvement (Laws 1895, c. 130, § 3), provided that the street in question should not exceed 182 feet in width, the city had no power to take, and did not acquire title to, a portion of the land assumed to be taken and included in the report of the commissioners, because, by so doing, the width of the street exceeds the limit authorized by the statute. It is conceded by the city that the land proposed to be taken from the appellant makes the street at this point more than 182 feet in width; but it insists that it had a right to acquire title to this additional piece under and by virtue of the statute authorizing the opening of the street, and, if it did not, then any defect in the proceeding was thereafter cured by chapter 712 of the Laws of 1896. The appellant contends

that chapter 712 of the Laws of 1896, in so far as it attempts to confer power on the city to acquire land in excess of the 182 feet mentioned in the statute of 1895, is unconstitutional.

We are of opinion that the appellant cannot, on appeal from the order of confirmation, question and have determined the right of the city to take the land referred to. The commissioners were appointed for a specific purpose, and they could do that, and nothing else. They had no authority to pass upon the regularity or validity of the proceedings in any way, or the right of the city to take the whole or any part of the land specified in the order appointing them. The only duty devolving upon them was to take proof of the value of the land designated, and fix and determine the damages to be awarded the respective owners. Having done just what the order directed, the only question that is presented on an appeal from the order of confirmation is whether they discharged their duties, in making the award in accordance with recognized legal rules governing proceedings of this character; and that they did does not seem to be questioned. It follows that the appellant is not in a position at this time to question the right of the city to acquire title to the land for the purposes mentioned in excess of 182 feet in width. This was the view taken by the court of appeals in Re Department of Public Parks, 85 N. Y. 459. In that case, which was an appeal from an order confirming the report of commissioners of estimate and assessment, as here, Judge Earl observed:

"The report of the commissioners was final only as to the matters which they were called upon to determine. They had no right to pass upon any questions relating to the regularity or validity of the proceeding, or the constitutionality of the act under which the proceeding was instituted; and such questions therefore remain unaffected by their report, and the confirmation makes the report final only as to the matters submitted to the commissioners, and by them determined."

Applying the principle laid down by the court of appeals in the case just cited to the one at bar, it seems clear that the order must be affirmed. In reaching this conclusion, we have not overlooked that portion of section 965 of the consolidation act, as amended by chapter 660 of the Laws of 1893, which reads as follows:

"The court shall have power at any time to amend any defect or informality in any special proceeding, * * * or to cause property to be affected thereby to be excluded, or other property to be included therein by amendment. * * *"

This statute undoubtedly gives the party interested the right at any time to have a proceeding of this nature amended by causing property affected thereby to be excluded or other property included therein. But the right thus afforded must be exercised at a proper time, and in a proper proceeding instituted for that purpose. It cannot be done in a collateral way, or in the manner here sought. The reason is obvious. The commissioners have made a report of the value of the entire land to be taken. There is nothing to indicate the value placed by them upon the land included within the 182 feet, or upon that which exceeded it.

If the appellant desire to attack the right of the city to acquire title to land for the purposes mentioned in excess of the 182 feet, then he should move to vacate or modify the order in that regard. In re Niagara Falls & W. Ry. Co., 121 N. Y. 319, 24 N. E. 452.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.