## In re COMMISSIONER OF PUBLIC WORKS.

### In re WILLIS AVE. BRIDGE.

(Supreme Court, Appellate Division, First Department.  February 9, 1906.)

1. STATUTES—APPLICATION TO PENDING PROCEEDINGS—PRACTICE ACTS.

A statutory provision respecting practice, enacted during the pendency of proceedings in the lower court and remaining in force during their continuance, is to be applied in disposing of the case.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, §§ 351, 352.]

2. EMINENT DOMAIN—ASSESSMENT OF COMPENSATION—APPEAL—ORDERS APPEALABLE.

Although Greater New York Charter, Laws 1901, p. 417, c. 466, § 988, expressly authorizes any party affected by the confirmation of the report in street opening proceedings to appeal from the Appellate Division in the manner provided by the Code of Civil Procedure in relation to appeals in special proceedings, and Code Civ. Proc. § 1356, provides that an appeal may be taken to the Appellate Division from an order affecting a substantial right made in a special proceeding, yet, since section 1361 of the Code provides that an appeal in special proceedings shall be governed by the general rules of practice, etc., "except as otherwise especially prescribed by law," and since the appeal in street opening proceedings is specifically prescribed to be from the order "confirming a report," an order entered in proceedings under Laws 1894, p. 286, c. 147, providing for the construction of a bridge over Harlem river, in which the provisions relating to the opening of public streets are made applicable, denying a motion to confirm a partial report of commissioners of estimate, and returning the report to the commissioners for revisal or correction, is not appealable.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, § 662.]

Appeal from Special Term, New York County.

In the matter of the application of the commissioner of public works,

for the confirmation of the report of commissioners of estimate, in relation to the Willis Avenue Bridge. From an order refusing to confirm the report, the city of New York appeals. Dismissed.

Argued before O'BRIEN, P. J., and LAUGHLIN, CLARKE, and HOUGHTON, JJ.

John P. Dunn and John J. Delany, Corp. Counsel (Thomas C. Blake, on the brief), for appellant city of New York.

John C. Shaw, for respondent Draper.

James A. Deering, for respondent Swift.

De Forest Bros. (George Holmes, of counsel), for respondent Johnston.

CLARKE, J. This is an appeal by the city of New York from an order of the Special Term of the Supreme Court denying the motion to confirm the second partial and separate report of commissioners of estimate and returning said report to said commissioners with certain directions and for a further report in accordance therewith.

It is claimed that said order is not appealable. These proceedings were instituted on the petition of the commissioner of public works, in behalf of the mayor, aldermen, and commonalty of the city of New York, pursuant to chapter 147, p. 286, of the Laws of 1894, entitled "An act to provide for the construction of a bridge over the Harlem river in the city of New York." Section 4 of said act authorizes the commissioner of public works, with the approval of the board of estimate and apportionment, and on behalf of the city, to acquire title in fee to any land which he may deem necessary for the purpose of the construction of the bridge and approaches, and "the provisions of law relating to the taking of private property for public streets or places in the said city are hereby made applicable so far as may be necessary to the acquiring of the said land as aforesaid. * * *" The awards to be made for these lands and the expense of the condemnation proceedings are made part of the expense of the construction of the bridge, which, under section 3 of the act, is to be borne by the city.

By an order of the Special Term, dated December 31, 1895, commissioners of estimate were appointed to perform the duties required of them by law. During the progress of the proceedings the Legislature passed chapter 664, p. 905, of the Laws of 1897, amending the act of 1894, under which the proceedings were commenced; but no change was made in the provision above cited as to the procedure of the commissioners of estimate under the so-called street opening laws. The taking of testimony commenced March 2, 1896, and the report of the commissioners was dated March 3, 1899. Thereafter by order of the Special Term the report was referred back to the commissioners with certain directions, and they again reported in accordance with those directions under date of October 29, 1901. The order appealed from is dated February 25, 1904. The first Greater New York charter by its terms took effect upon the 1st day of January, 1898. The amended charter went into effect January 1, 1902. To determine this question of appealability it becomes necessary, therefore, to consider what were the provisions of law governing the street opening proceedings

at the time of the passage of chapter 147, p. 286, of the Laws of 1894, authorizing the construction of the bridge, and as now existing.

The law governing the opening of streets in the city of New York (chapter 86, p. 342, 2 Rev. Laws.1813) has been upon the statute books with substantially the same provisions for upwards of 90 years, was embodied in the consolidation act (chapter 410, p. 1, of the Laws of 1882), and continued in the Greater New York Charter (chapter 378, p. 1, of the Laws of 1897) and the Revised Charter (chapter 466, p. 1, of the Laws of 1901). In many proceedings to acquire private property for public uses not coming strictly within the provisions as to "streets, avenues, squares or public places," the laws authorizing such proceedings have provided that the said proceedings should be conducted in the manner prescribed in and subject to the provisions of said law. It may be said that such law was the local law of condemnation for such purposes in the city of New York. Section 990, p. 276, of the consolidation act, drawn from section 178, c. 86, p. 409, of 2 Revised Laws of 1813, as amended by section 12, c. 660, p. 1489, of the Laws of 1893, and in force at the time of the commencement of the proceedings herein, provided that:

"The application for the confirmation of the report shall be made to the Supreme Court at a term thereof held in the city of New York. * * * The court shall by rule or order, after hearing any matter which may be alleged against the same, either confirm the said report or refer the same to the same commissioners for revisal or correction or to new commissioners to be appointed by the said court to reconsider the subject matter thereof, and the said commissioners to whom the said report shall be so referred shall return the same report corrected and revised, or a new report to be made by them in the premises to the said court without unnecessary delay; and the same, on being so returned shall be confirmed or again referred by the said court in manner aforesaid, as right and justice shall require, and so from time to time until a report shall be made or returned in the premises which the said court shall confirm, and such report when so confirmed by the said court, shall be final and conclusive, as well upon the said mayor, aldermen and commonalty of the city of New York as upon the owners, lessees, persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report, and also upon all other persons whomsoever."

On an appeal from an order confirming the report of commissioners, the Court of Appeals, in Matter of Commissioners of Central Park, 50 N. Y. 493, held that the provisions of the Code governing appeals did not apply. Judge Allen said:

"The Code is broad enough to give an appeal to this court from the order confirming the report of the commissioners. It was made in a special proceeding, and does affect substantial rights, and is final. Code Proc. § 11, subd. 3. If, therefore, this provision of the Code controls, this court has jurisdiction of the appeal."

Referring to the section quoted supra, the learned judge proceeded:

"Language could not more plainly indicate the intention of the Legislature that every question connected with the estimate and assessment, everything that could in any form be litigated before and passed upon by the commissioners should be finally and conclusively determined by the Supreme Court without further appeal or right of review or ulterior litigation. * * * This provision is not repealed or affected by the general provisions of the Code prescribing the jurisdiction of this court. * * * A special

and local statute providing for a particular case or class of cases is not partially repealed or annulled as to some of its provisions by a statute general in its terms, provisions, and application, unless the intention of the Legislature to repeal or alter the particular law is manifest, although the terms of the general act would, taken strictly, and but for the special law, include the case or cases provided by it."

The appeal was dismissed.

In Matter of Board of Street Openings, 111 N. Y. 581, 19 N. E. 283, there was an appeal from an order confirming the report of commissioners. The authority to establish the public place in question was given by chapter 451, p. 525, of the Laws of 1884. The second section of that act provided that proceedings to acquire the title to the lands described should be taken "in the manner prescribed in and subject to all the provisions of section 955 of chapter 410 of the Laws of 1882," known as the "Consolidation Act." Judge Gray said:

"The proceeding thereby prescribed has been construed to preclude an appeal to this court from the order of the Supreme Court confirming the report of the commissioners. Matter of Department of Public Parks, 85 N. Y. 459; Matter of Commissioners of Central Park, 50 N. Y. 493. The theory underlying this construction is that these proceedings form an independent and complete system especially created by the Legislature and not connected with or controlled by the provisions of the Code of Civil Procedure applicable to appeals to this court."

And the appeal was dismissed.

In Mott v. Eno, 181 N.Y. 365, 74 N. E. 234, Judge Gray said:

"Chapter 86, p. 342, 2 Revised Laws 1813, commonly known as the 'Street Opening Act,' had provided the methods and procedure of the opening of 'any street, avenue, square or public place' laid out by the commissioners under the act of 1807 whenever the municipal authorities were desirous of doing so. * * * This act and its various amendatory acts have since furnished the legal machinery in all cases of street openings, and it has been said with respect to it that 'language could not more plainly indicate the intention of the Legislature that every question connected with the estimate and assessment, everything that could in any form be litigated before and passed upon by the commissioners, should be finally and conclusively determined by the Supreme Court.'"

Therefore, prior to the enactment of the Greater New York charter, it had been authoritatively determined by the Court of Appeals that the street opening law was a special and local law, complete within itself, and that the provisions of the Code were not to be read into it, so as to allow an appeal to the Court of Appeals from a final order confirming the report of commissioners. It had also been settled that an appeal did lie from an order of the Special Term confirming the report of commissioners to the General Term. Matter of Kingsbridge Road, 4 Hun, 599, affirmed on the opinion of Davis, J., below, 62 N. Y. 645. Mr. Justice Davis, reviewing the composition of the Supreme Court at the time of the passage of the act of 1813 and subsequent legislation, held that chapter 270, p. 592, of the Laws of 1854, which provided, "An appeal may be taken to the General Term * * * from any judgment, order, or final determination made at a special term of either of said courts in any special proceeding therein," did operate to modify the effect of the provision of the original act which made the order at Special Term conclusive. He cited

Matter of Canal St., 12 N. Y. 408, where Gardiner, C. J., held that, independently of the statute, the General Term acquired no jurisdiction of the proceedings, but that under it an appeal lay to the General Term from the order of confirmation.

Section 990 of the consolidation act has substantially been re-enacted as section 986 of the Greater New York charter, and is the same in the revised as in the original charter. New provisions expressly authorizing appeals to the Appellate Division and to the Court of Appeals were for the first time inserted in these street opening statutes. By section 988 of the charter it was provided that:

"The city of New York or any party or person affected by the said proceeding and aggrieved by the said report when confirmed as aforesaid, may appeal to the Appellate Division of the said court. Such appeal shall be taken and heard in the manner provided by the Code of Civil Procedure and the rules and practice of said court in relation to appeals in special proceedings, and such appeal shall be heard and determined by such Appellate Division upon the merits both as to matters of law and fact. * * * When an order confirming a report shall be reversed upon appeal, the commissioners to whom such report shall be referred for amendment, correction or revisal shall have power to make such additional assessment as may be necessary."

Here is a provision governing practice, especially providing for an appeal from the order confirming the report of commissioners. Though not in the law at the time of the commencement of the proceedings, it was enacted during their continuance and was in force at the time the report was made, at the time the order appealed from was entered, and is in force at the present time. Being a provision respecting practice, it is to be applied to the case at bar.

The appellant claims that section 1356 of the Code of Civil Procedure applies. That section provides that:

"An appeal may be taken to the Appellate Division of the Supreme Court from an order affecting a substantial right, made in a special proceeding at a Special Term or a Trial Term of the Supreme Court."

But section 1361 of the said Code provides that:

"The proceedings upon an appeal, taken as prescribed in this act, are governed by the provisions of this act, and of the general rules of practice relating to an appeal in an action, except as otherwise specially prescribed by law."

As the appeal is specially prescribed by law to be from the order confirming the report, it does not seem that said section 1356 can be invoked. We are of opinion that, as a most elaborate and elastic scheme has been provided for correcting the errors and mistakes of the commissioners by providing for resubmission to them with instructions by the court at Special Term, there did not exist under the old law any right of appeal from these incidental orders. If so, the very thin sought to be accomplished by the specific powers conferred of correction under direction of the court would have been of little or no avail. As there was no appeal given in terms by the law before the charter the right to appeal to the General Term, read into the statute by the decision of the court, based upon the act of 1854, was from this final order of confirmation only. As to the present state of the law, it is clear that, as the appeal is specifically prescribed to be from the order confirming the report, there can be no appeal from the order denying con-

firmation and sending the report back for revisal or correction. "Expressio unius, exclusio alterius." There is no reason for such interlocutory appeal, and the very nature of the proceedings makes it unwise to allow it.

The appeal is dismissed, with $10 costs and disbursements to the respondents. All concur.

(110 App. Div. 774.)

In re LOCUST AVENUE IN VILLAGE OF PORT CHESTER.

(Supreme Court, Appellate Division, Second Department. January 26, 1906.)

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENTS.

Appeal from Westchester County Court.