In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the Opening and Extending of White Plains Road, from a Point near Old Unionport Road to a Point near Thwaites Place, etc., as Amended by Order of the Supreme Court, etc., so as to Empower the Commissioners of Estimate Heretofore Appointed Therein to Award Compensation for Damages Caused by the Closing and Discontinuance of Bear Swamp Road, etc., Pursuant to Chapter 1006 of the Laws of 1895.

First Department, February 10, 1922.

Municipal corporations — city of New York — street closing proceeding under Laws of 1895, chap. 1006 — no appeal lies from order denying confirmation of commissioners' report — stay of proceedings pending appeal refused — Street Closing Law provides complete relief to parties affected by closing streets.

In a street closing proceeding no right of appeal exists from an order denying confirmation of a report of the commissioners of estimate and assessment appointed pursuant to chapter 1006 of the Laws of 1895 known as the "Street Closing Act," and, hence, a motion for a stay of proceedings pending an appeal from such an order will be denied.

*It seems*, that the Street Closing Act provides an independent, complete and comprehensive scheme for the legal determination of the amount of damages to be allowed and the amount to be assessed by reason of closing streets.

APPLICATION for an order to stay proceedings before commissioners of estimate and assessment pending an appeal from an order denying confirmation of the report of commissioners

and returning report to new commissioners to make a new report.

*Benjamin Trapnell* and *Frederick W. Hottenroth,* for the claimants and appellants.

*John P. O'Brien, Corporation Counsel* [*L. Howell LaMotte* of counsel; *Joel J. Squier* and *William B. R. Faber* with him on the brief], for the City of New York.

CLARKE, P. J.:

Commissioners were originally appointed in a proceeding for the opening and extending of White Plains road. By subsequent orders pursuant to chapter 1006 of the Laws of 1895, known as the " Street Closing Act ," the commissioners were directed to consider the damages, if any, which should be justly and legally awarded to the owners of property damaged by reason of the closing of Bear Swamp road, sometimes known as White Plains road and Unionport road. The commissioners of estimate and assessment duly filed their final report dated March 11, 1921, in which report they made a certain award to the parties therein named for damages due to the closing of Bear Swamp road and assessed certain parcels of land for the benefit derived from such closing. On April 18, 1921, a motion to confirm said report came duly on to be heard and the city of New York objected to the confirmation thereof. The objections were sustained by the court at Special Term. By an order of the Special Term dated September 28, and duly entered on September 29, 1921, confirmation of the said report was denied and the said report was returned to new commissioners of estimate and assessment therein appointed with directions to make a new report in accordance with the opinion of the court and in accordance with law. A number of the claimants for damages served notices of appeal to this court from said order of the Special Term refusing confirmation, and now move for a stay of the proceedings before the new commissioners appointed pending said appeal to this court.

Section 10 of chapter 1006 of the Laws of 1895, known as the Street Closing Act, provides that " Any party or person affected by the said proceeding and aggrieved by the said

report when confirmed as aforesaid, may appeal to the General Term or Appellate Division of the said court." Section 6 of said act reads in part as follows: " And upon the coming in of the said report, signed by the said commissioners or any two of them, the said court shall, by rule or order, after hearing any matter which may be alleged against the same, either confirm the said report or refer the same to the same commissioners for revisal and correction or to new commissioners to be appointed by the said court to reconsider the subject-matter thereof; and the commissioners to whom the said report shall be so referred shall return such report corrected and revised or a new report to be made by them in the premises to the said court without unnecessary delay; and the same on being so returned shall be confirmed or again referred by the said court in manner aforesaid as right and justice shall require, and so from time to time until a report shall be made or returned in the premises which the said court shall confirm, and such report when so confirmed by said court shall be final and conclusive as well upon such city as upon the owners, lessees and the persons and parties interested in and entitled unto the lands, tenements, hereditaments and premises mentioned in the said report, and also upon all other persons whomsoever."

Reading the two sections together it will appear that successive reports of the commissioners are provided for until a report is made which the court at Special Term shall confirm and that the only appeal allowed is to " any party or person affected by the said proceeding and aggrieved by the said report *when confirmed as aforesaid.*"

In *Matter of Commissioner of Public Works* (111 App. Div. 285; affd., 185 N. Y. 391) a proceeding had been instituted for the condemnation of land pursuant to chapter 147 of the Laws of 1894, entitled: " An act to provide for the construction of a bridge over the Harlem river in the city of New York." Section 4 of said act provided " the provisions of law relating to the taking of private property for public streets or places in the said city are hereby made applicable as far as may be necessary to the acquiring of the said land as aforesaid." The city appealed from an order of the Special Term denying a motion to confirm the second partial and

separate report of commissioners of estimate, and returning said report to said commissioners with certain directions, and for a further report in accordance therewith.   This court held that, as section 988 of the Greater New York charter (Laws of 1901, chap. 466) provided that the " City of New York or any party or person affected by the said proceeding and aggrieved by the said report when confirmed as aforesaid, may appeal to the Appellate Division of the said court," and since the appeal was specifically prescribed to be from the order confirming the report, there could be no appeal from the order denying confirmation and sending the report back for revisal or correction. In affirming the Court of Appeals said: " The authority conferred upon the Appellate Division to entertain appeals from orders, made upon the coming in of reports of the commissioners, only exists when there has been an order of confirmation."

In *Matter of Corporation Counsel of City of New York* (188 App. Div. 668) this court confirmed the report of the commissioners of estimate and assessment *in a street closing proceeding*, there being two dissents.   The city appealed, invoking the provision of the Constitution (Art. 6, § 9), the Code of Civil Procedure (§ 190, subd. 1) and the Greater New York charter, as amended by chapter 606 of the Laws of 1915 (§ 996).   This latter section expressly authorized an appeal to the Court of Appeals from an order of the Appellate Division *in a street opening proceeding*.   The city took the position in the Court of Appeals that the provisions of section 14 of the Street Closing Act had the effect of incorporating therein the provisions of section 996 of the charter *in relation to street opening proceedings*.   The Court of Appeals (228 N. Y. 523) refused to take that view and dismissed the appeal on the authority of *Matter of Commissioners of Central Park* (50 N. Y. 493); *Matter of Board of Street Opening, etc.* (111 id. 581); *Matter of Board of Street Opening* (133 id. 436); *Matter of Department of Public Parks* (85 id. 459) and *Matter of Southern Boulevard R. R. Co.* (143 id. 253).

In the matter at bar the claims for which the awards here involved were made were referred to commissioners originally appointed in a street opening proceeding under authority of

section 14 of chapter 1006 of the Laws of 1895 which provides for referring street closing claims to street opening commissioners and also provides that when such claims have been so referred " the proceedings to ascertain and determine the same shall be conducted and completed in accordance with the provisions of existing laws relative to the opening of the street or avenue for which the said commissioners were appointed." The words " existing laws " refer to the street opening laws in force at the time of the enactment of the Street Closing Act which became a law on June 12, 1895. The Street Opening Law at that time did not contain any provisions for an appeal either to this court or to the Court of Appeals, but it had been held in *Matter of Kingsbridge Road* (4 Hun, 599; affd., 62 N. Y. 645) and *Matter of Commissioner of Public Works* (111 App. Div. 285; affd., 185 N. Y. 391) that by virtue of chapter 270 of the Laws of 1854 an appeal would lie to the Supreme Court at General Term or the Appellate Division from an order made at Special Term *confirming* a report of commissioners in a street opening proceeding.

The Street Closing Act provides an independent, complete and comprehensive system or scheme for the legal determination of the amount of damages to be allowed and the amount to be assessed by reason of closing streets. (*Matter of Mayor*, 28 App. Div. 143, 147; affd., 157 N. Y. 409; *Matter of Mayor, etc. [Spuyten Duyvil Road]*, 152 App. Div. 114, 117; affd., 208 N. Y. 592.)

It seems clear to us that at the time chapter 1006 of the Laws of 1895 went into effect the rights of the parties with respect to appeal were the same whether the proceeding was instituted under section 6 or under section 14 of said act. An appeal in either case would lie only from an order of confirmation.

We think it quite clear that no right of appeal exists from the order denying confirmation in a street closing proceeding, and, therefore, that the application for a stay pending the appeal from such an order should be denied.

LAUGHLIN, DOWLING, PAGE and MERRELL, JJ., concur.

Motion denied.