In the Matter of the Application of THE COMMISSIONER OF PUBLIC WORKS OF THE CITY OF NEW YORK Relative to Acquiring Lands for the Construction of a Bridge Over the Harlem River.

THE CITY OF NEW YORK, Appellant; MARY A. P. DRAPER et al., Respondents.

APPEAL — NEW YORK CITY — ORDER DENYING CONFIRMATION OF REPORT OF COMMISSIONERS OF ESTIMATE, NOT APPEALABLE TO APPELLATE DIVISION. An order of the Special Term denying a motion to confirm the report of commissioners of estimate in a proceeding instituted under chapter 147 of the Laws of 1894, to acquire title to lands for the construction of a bridge over the Harlem river, and returning the report for amendment and correction, is not appealable to the Appellate Division of the Supreme Court; the authority of that court to entertain appeals from orders made upon the coming in of reports of commissioners exists only where there has been an order of confirmation in whole or in part. (L. 1901, ch. 466, §§ 986, 988.)

*Matter of Comr. of Public Works,* 111 App. Div. 285, affirmed.

(Argued June 5, 1906; decided June 12, 1906.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 9, 1906, which dismissed an appeal from an order of Special Term denying a motion to confirm a partial report of the commissioners of estimate in the above-entitled proceeding.

The facts, so far as material, and the question certified are stated in the opinion.

*John J. Delany,* Corporation Counsel (*Theodore Connoly, John P. Dunn* and *Thomas C. Blake* of counsel), for appellant. Under sections 1356 and 1361 of the Code of Civil Procedure an appeal may be taken in any special proceeding to the Appellate Division from any order of the Special Term which affects a substantial right, unless the law authorizing the special proceeding specially prescribes that such order cannot be reviewed. (*People ex rel.* v. *N. Y. C. & H. R. R. R..*

*Co.*, 156 N. Y. 574.) This is a special proceeding within the meaning of the terms as used in section 1356 of the Code, and the Appellate Division had jurisdiction to review the order of the Special Term. (*Matter of Canal & Walker Streets*, 12 N. Y. 406; *King* v. *Mayor, etc.*, 26 N. Y. 182; *Matter of Comrs. of Central Park*, 61 Barb. 40; *Matter of Kingsbridge Road*, 4 Hun, 599; 62 N. Y. 645; *Matter of One Hundred & Sixty-third Street*, 61 Hun, 365; *Matter of Arnold*, 60 N. Y. 28.)

*John C. Shaw* and *Joseph S. Frank* for Mary A. P. Draper, respondent. The appeal to the Appellate Division was properly dismissed by that court for the reason that the order of the Special Term was not appealable thereto. The statutes applicable to this proceeding permit an appeal to the Appellate Division only from an order of confirmation, and not from an order denying the motion to confirm and returning the report to the commissioners for revision and correction. (*Matter of Riverside Park*, 61 Barb. 40; *Matter of Canal St.*, 12 N. Y. 406; *King* v. *Mayor, etc.*, 36 N. Y. 182; *Matter of Comrs. of Central Park*, 50 N. Y. 493; *Matter of One Hundred & Thirty-eighth Street*, 61 How. Pr. 284; *Matter of Bd. of Street Opening*, 111 N. Y. 581; *Dunlop* v. *Edwards*, 3 N. Y. 341; *Tilley* v. *Phillips*, 1 N. Y. 610; *F. L. & T. Co.* v. *Carroll*, 4 How. Pr. 211; *Ely* v. *Holton*, 15 N. Y. 595; *Mayor, etc.*, v. *Schermerhorn*, 3 How. Pr. 334.)

*James A. Deering* for Gustavus F. Swift et al., respondents. The order of the Special Term herein is not appealable to the Appellate Division. (*Bailey* v. *Kincaid*, 33 N. Y. S. R. 110; *Bryant* v. *Thompson*, 128 N. Y. 434; Code Civ. Pro. §§ 1356, 1361; *Matter of Kingsbridge Road*, 4 Hun, 599; *Matter of Central Park*, 50 N. Y. 493; *Matter of Street Openings*, 111 N. Y. 581; *Mott* v. *Eno*, 181 N. Y. 365.)

*Arthur S. Hamlin* for John H. Johnston et al., respondents. The Appellate Division has no power to entertain an

appeal from an order of the Special Term denying a motion to confirm the report of commissioners of estimate in street opening proceedings and sending the report back to them with instructions for its amendment. (*Dunlop* v. *Edwards*, 3 N. Y. 341; *Tilley* v. *Phillips*, 1 N. Y. 610; *Ely* v. *Holton*, 15 N. Y. 595; *F. L. & T. Co.* v. *Carroll*, 4 How. Pr. 211; *Matter of Bd. of Street Opening*, 111 N. Y. 581; *Matter of Comrs. of Central Park*, 50 N. Y. 493; *People* v. *Knox*, 166 N. Y. 444; *Mott* v. *Eno*, 181 N. Y. 365; *Matter of Kingsbridge Road*, 4 Hun, 599; *Matter of Canal Street*, 12 N. Y. 406.)

*Per Curiam.*   This proceeding was instituted by the city of New York to acquire title to certain lands, for the purpose of the construction of a bridge over the Harlem river and of approaches thereto.   Upon a motion to confirm the report of the commissioners of estimate, who had been appointed in the proceeding, the Special Term of the Supreme Court ordered that the motion should be denied and that the report should be returned to the commissioners, with certain directions for a further report.   The city of New York appealed to the Appellate Division from the order of the Special Term and the appeal was dismissed.   Leave was given to appeal to this court and the following question was certified for our determination: "Is the order of the Special Term entered herein on March 3, 1904, denying the motion to confirm the report of the commissioners in this proceeding, and returning the report to them for amendment and correction, appealable to the Appellate Division of the Supreme Court by the City of New York?"

We think that the Appellate Division correctly dismissed the appeal to that court and that the question certified should be answered in the negative.

The proceeding by the city was instituted under chapter 147 of the Laws of 1894 and by section 4 of the act it is provided that the provisions of law, relating to the taking of private property for public streets and places in the city of New

York, shall be applicable to proceedings under the act.   Those provisions are to be found in the Greater New York charter. Section 986 makes provision with respect to the report of the commissioners and permits the Special Term of the Supreme Court to confirm the report in whole, or in part, or to refer the same, or a part thereof, back to the commissioners, or to new commissioners, for revision or correction, or for reconsideration, etc.   This section changed the pre-existing law, as contained in the Consolidation Act of 1882, in the respect that there may be a partial confirmation of the report of the commissioners.   Section 988 permits the city of New York, or any party, or person, aggrieved by the report, " when confirmed as aforesaid," to appeal to the Appellate Division of the Supreme Court.   These provisions of the charter relating to the right to appeal are not affected, nor controlled, by the provisions of the Code of Civil Procedure applicable to appeals.   The authority conferred upon the Appellate Division to entertain appeals from orders, made upon the coming in of reports of the commissioners, only exists when there has been an order of confirmation ; which confirmation is not required to be of the whole report, but may be partial, under section 986.

The cases of *Matter of The City of New York*, (182 N. Y. 281), and of *Real Estate Corporation* v. *Harper*, (174 ib. 123), related to orders of partial confirmation and they decided that an appeal would lie to the Appellate Division in such event.   Those cases have no application to the present one, where the order wholly denied the motion to confirm the report.   In such a case, we think that, by the plain language of the charter, the right to appeal from the Special Term order is excluded.

The order of the Appellate Division, therefore, should be affirmed, with costs.

CULLEN, Ch. J., GRAY, O'BRIEN, EDWARD T. BARTLETT, WERNER, HISCOCK and CHASE, JJ., concur.

Order affirmed.