## In re CITY OF NEW YORK.

### Appeal of CUNNINGHAM.

(Supreme Court, Appellate Division, First Department.   March 10, 1911.)

EMINENT DOMAIN (§ 253*)—APPEAL—STATUTES.

Greater New York Charter (Laws 1901, c. 466) § 1438a, provides that, on application for confirmation of the report of condemnation commis-sioners, the Supreme Court, at a Special Term, shall either confirm the report or refer it back to the commissioners, or new commissioners, who shall retain the same, corrected and revised, or make a new report, which shall be confirmed or again referred, and when confirmed shall be final and conclusive.   Section 1442 provides that, within 20 days aft-er notice of confirmation any party interested, may appeal to the Ap-pellate Division from the appraisal and report, and upon the hearing thereof the court may direct a new appraisal and report by the same or new commissioners, but from any determination of the Special Term an appeal may be taken upon the merits to the Appellate Division, and from any determination of the Appellate Division, to the Court of Ap-peals, but only as to questions affecting the assessments of damages or relating to the challenge of a commissioner or their conduct.   Held, that the words "any determination of the Special Term," in section 1442, are to be construed as providing that an appeal may be taken to the Appel-late Division on the merits from a determination of the Special Term, confirming the report of the commissioners, thus limiting the words "final and conclusive" in section 1438a, but from a determination of the Appellate Division to the Court of Appeals only as to questions affecting the principle of assessment, or relating to the challenge of commissioners or their conduct.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 253.*]

Appeal from Special Term, New York County.

Proceedings by the City of New York to acquire lands for school purposes; Mary J. Cunningham, claimant.   From an order of the Special Term (67 Misc. Rep. 191, 122 N. Y. Supp. 660), confirming in part the report of the commissioners of estimate and appraisal, and sending the report back to new commissioners for a new appraisal, claimant appeals.   Appeal dismissed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Maurice Deiches, for appellant.

Francis J. Byrne, for respondent.

MILLER, J.   We should have no hesitation in affirming the order, if it were appealable.   That question merits examination, as we can-not find that the provision of the charter (Laws 1901, c. 466, § 1442) which governs the right to appeal has been construed.   A somewhat similar provision applicable to street opening proceedings was construed in Matter of Commissioners of Public Works, 111 App. Div. 285, 97 N. Y. Supp. 503, affirmed 185 N. Y. 391, 78 N. E. 146, wherein it was decided that the statute did not authorize an appeal from an order of the Special Term, refusing to confirm the report of the commis-sioners.   That decision would be controlling, were it not for a sen-tence of said section 1442, which, standing alone, might seem to au-thorize an appeal from any determination of the Special Term.   Sec-tion 1438a prescribes what the Special Term may do upon an applica-tion to confirm a report.   A reading of that section will aid in the

construction of said section 1442. So far as material, the two sections are as follows:

"Sec. 1438a. Upon the hearing of the application for the confirmation of the said report * * * the said Supreme Court at a Special Term thereof * * * shall by order, after hearing any matter which may be alleged against the same, either confirm said report in whole or in part or refer the same back to the same commissioners for revisal and correction, or to new commissioners to be appointed by the said court to reconsider the subject-matter thereof; and the said commissioners to whom the said report shall be so referred, shall return the said report corrected and revised, or a new report to be made by them as aforesaid in the premises, to the said court without unnecessary delay, and the same, on being so returned, shall be confirmed or again referred by the said court as justice shall require, and such report when confirmed by said court, in whole or in part, shall be final and conclusive as well upon the said city and the said department or board as upon the owners, lessees, persons and parties interested in and entitled to the lands, tenements, hereditaments and premises mentioned in said report, and also upon all other persons whomsoever."

"Sec. 1442. Within twenty days after notice of the confirmation of the report of the commissioners as provided for in section 1438a of this act, any part interested and deeming himself or themselves aggrieved, may appeal, by notice in writing to the other party, to the Appellate Division of the Supreme Court in said judicial district, from the appraisal and report of the commissioners. Such appeal shall be heard upon due notice thereof being given according to the rules and practice of said court. On the hearing of such appeal, the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the Special Term an appeal may be taken upon the merits to the said Appellate Division of said court, and from any determination of the said Appellate Division, any party if aggrieved, may take an appeal to the Court of Appeals, but only as to a question affecting the principle of the assessment of damages by the said commissioners or a question relating to the challenge of a commissioner, or to the conduct of the said commissioners or any of them, indicating impropriety, bias, neglect or other disqualification."

The words "but from any determination of the Special Term an appeal may be taken upon the merits to the said Appellate Division of said court" are not to be construed apart from their context. They are a part of the clause, relating to a new appraisal, directed by the Appellate Division, and may have been intended to explain and limit the meaning of the words "final and conclusive" in said section 1438a. Moreover, they must be harmonized, if possible, with the first sentence of said section 1442, which was evidently intended to prescribe the appealable determinations of the Special Term; i. e., those confirming the reports of the commissioners. The words "any determination of the Special Term" in the sentence under consideration may therefore be construed as referring to any *such* determination; the purpose of the sentence being to provide that an appeal might be taken to the Appellate Division upon the merits, but from a determination of the Appellate Division to the Court of Appeals only as to a question affecting the principle of the assessment or relating to the challenge of a commissioner or to the conduct of the commissioners or any of them. Thus construed, every part of the section has a meaning and may be given effect. Otherwise, the Legislature intended in one sentence to nullify the sentence immediately preceding.

The appeal should be dismissed, with $10 costs and disbursements. All concur.