In re SIMMONS et al. (Hill View Reservoir, Section No. 1).

(Supreme Court, Appellate Division, Second Department. April 21, 1911.)

EMINENT DOMAIN (§ 253*)—DAMAGES—AWARD—APPEAL.

　　Under Laws 1905, c. 724, authorizing the acquisition of land for a water supply for the city of New York, and providing for appeals from the appraisal and report of commissioners, as confirmed by the court, etc., no appeal lies from an order setting aside the report of commissioners and directing a new trial before a new commission to determine the just compensation for the property taken.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 660–664; Dec. Dig. § 253.*]

Appeal from Special Term, Westchester County.

Application by J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, for the condemnation of land for a reservoir. From an order of the Special Term (66 Misc. Rep. 204, 121 N. Y. Supp. 113), setting aside the report of the commissioners and directing a new trial of a claim for damages before a new commission, the owners appeal. Dismissed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Benjamin Trapnell, for appellants.
H. T. Dykman, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WOODWARD, J.  The report, which has been denied confirmation by the court at Special Term, awarded to the trustees of the estate of Enoch R. Ware the sum of $76,200 as compensation for the land taken, and designated on the maps as "damage parcel No. 5." The learned court at Special Term has refused confirmation of this report upon the ground that the award was made upon the basis of lot values, instead of the value of the tract taken as a whole; and after a careful examination of the question we are fully persuaded that, upon the merits, the case is governed by our decision in the Matter of Simmons, 141 App. Div. 120, 125 N. Y. Supp. 697, and that the report of the commissioners ought not to have been set aside upon this ground.

So far from the opinion of Mr. Justice Cullen in Matter of Daly v. Smith, 18 App. Div. 194, 45 N. Y. Supp. 785, giving sanction to the respondent's theory of the case, we are of the opinion that it forcibly recognizes the essential point of the appellants' theory that the determination is to be made by the commissioners, upon a view of the premises and a hearing of all of the testimony which is available, and that this requires that the availability of the premises for all practical purposes is to be taken into consideration in determining the present value.  Rightly understood, there is nothing in the utterance of the court to warrant the assumption that Mr. Justice Cullen laid down any rule which required that suburban property should be valued only upon the basis of acreage.  In the case then before the court the commissioners had apparently accepted the estimates of values based on the acreage, and the discussion of the court was merely directed to showing that in that particular case this was justified.

The difficulty presented by the case now before us is that it is urged by the respondent that an appeal does not lie to this court from an order refusing to confirm the report of commissioners, and, if this is found to be true, the question cannot be disposed of upon its merits. In Matter of Simmons, supra, this question was not raised, and there are other cases in the books where review has been had without question; but this does not justify this court in disregarding the law when objection is properly raised.

Chapter 724 of the Laws of 1905 is the act under which this proceeding for the condemnation of lands for the use of the city of New York in connection with its water supply was instituted, and it is clear from a reading of the act that it was designed to provide the entire procedure in connection with such condemnation.  After providing all of the steps up to the making and filing of the report of the commissioners, it is provided by section 16 that the "application for the confirmation of the report shall be made to the Supreme Court at a special term thereof held in the judicial district in which the land or some part thereof is situated," and that, "upon the hearing of the application for the confirmation thereof, the said court may confirm such report or may in its discretion order that the report or any portion thereof affecting one or more parcels be referred to the same commission, or a new commission, for a new hearing," etc.  The same section provides that "such report when so confirmed shall (except in case of an appeal, as provided in this act) be final and conclusive" upon all

parties; that is, if the report is confirmed at Special Term, and there is no appeal taken, the report of the commissioners becomes final, and the award as made must be paid. Section 22 of the act then provides that:

"Within twenty days after notice of the confirmation of the report of the commissioners, as provided for in the sixteenth section of this act,　*　*　* either party may appeal, by notice in writing to the other party, to the Supreme Court, from the appraisal and report of the commissioners."

It is to be observed that the language of the statute makes no reference to the order of the court. The appeal is to be from the "appraisal and report of the commissioners," as confirmed by the court, and it must be obvious, if the "appraisal and report of the commissioners" is set aside and a new commission is raised, there is no such appraisal and report to be reviewed. In law it has no existence. Matter of Daly, 189 N. Y. 34, 38, 39, 81 N. E. 560, and authorities cited. The statute continues:

"Such appeal shall be heard on due notice thereof being given, according to the rules and practice of said court, either at a Special Term or Appellate Division thereof as the appellant may desire. On the hearing of such appeal, the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the Special Term an appeal may be taken to the Appellate Division and from any determination of the Appellate Division, either party, if aggrieved, may take an appeal which shall be heard and determined by the Court of Appeals. In the case of a new appraisal, the second report shall be final and conclusive on all parties and persons interested."

It is only upon the hearing of an appeal from an order of confirmation that the court is authorized to grant a new hearing, the determination of which will be final and conclusive upon the parties (Matter of Daly, supra); and it may be fairly questioned whether the appellants, in a legal sense, are aggrieved by an order of the court which gives them a full opportunity to their day in court to establish the value of their property. The duty of new commissioners is to grant "just compensation" for the property taken, notwithstanding that the court at Special Term has rejected the report of a former commission and has laid down an erroneous rule for computing that value. We may not assume that commissioners will fail to observe their obligations under the Constitution and laws of this state because of an error of law on the part of the court at Special Term. If this should be done, and the report of the commissioners should be confirmed by the court, an appeal would lie to this court from such "appraisal and report of the commissioners," and the matter would be returned to commissioners for correction.

There was evidence before the original commissioners which would have justified a much larger award than was made, as well as a lower one, and it cannot now be determined whether the appellants are aggrieved by the action of the court at Special Term in rejecting the report of the commissioners. It was held in Matter of Commissioners of Public Works, 185 N. Y. 391, 78 N. E. 146, under the provisions of the Greater New York charter, which are of like effect as the statute now under consideration, that the city of New York could not

appeal from an order refusing confirmation of a report of commissioners of estimate, and no reason suggests itself why this is not conclusive upon the question here presented.

The appeal should be dismissed, with $10 costs and disbursements.

HIRSCHBERG, BURR, and RICH, JJ., concur. JENKS, P. J., taking no part.