In the Matter of the Application of J. EDWARD SIMMONS
et al., Constituting the Board of Water Supply of the
City of New York, Respondents, to Acquire Real Estate
Required for Purposes of Water Supply of the City of
New York.

WILLIAM R. WARE et al., as Trustees under the Will of
ENOCH R. WARE, Appellants.

Appeal — practice — condemnation of property for water supply
for city of New York — Special Term order, vacating an award by
commissioners of appraisal, appealable to Appellate Division.

An appeal lies to the Appellate Division from an order of the
Special Term which vacated an award made by the commissioners
of appraisal to ascertain the compensation to be made for land
taken for water supply for the city of New York, by virtue of chapter
724 of the Laws of 1905, and the acts amendatory thereof.

*Matter of Simmons*, 144 App. Div. 255, reversed.

(Argued October 4, 1911; decided October 24, 1911.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the second judicial
department, entered April 21, 1911, which dismissed an
appeal from an order of Special Term setting aside a
report of commissioners of appraisal in condemnation pro-
ceedings and remitting the matter to new commissioners.

The facts, so far as material, and the question certified
are stated in the opinion.

*Benjamin Trapnell* and *Joseph A. Flannery* for appel-
lants. By force of the express terms of section 22 of
chapter 724 of the Laws of 1905 an appeal will lie to the
Appellate Division from an order of the Special Term
which sets aside a report and appoints new commission-
ers. (*Manhattan Ry. Co.* v. *O'Sullivan*, 6 App. Div.
571; *Matter of Simmons*, 139 App. Div. 273; 141 App.
Div. 120; 202 N. Y. 92; *Matter of City of New York*,
129 App. Div. 707.) The Special Term had inherent

power to set aside the report, and the Appellate Division which, under the Constitution, succeeded to the jurisdiction of the General Term, can review the exercise of that power. (*Manhattan Ry. Co.* v. *O'Sullivan*, 6 App. Div. 571; 150 N. Y. 569; *Matter of N. Y. C. & H. R. R. R. Co.*, 65 N. Y. 60; *Matter of Daly*, 189 N. Y. 34.)

*Archibald R. Watson, Corporation Counsel* (*H. T. Dykman* of counsel), for respondents. Under the statute in question no appeal lies to the Appellate Division from an order at Special Term refusing to confirm the report of the commissioners of appraisal and sending the matter back to the same or new commissioners. (L. 1905, ch. 724, § 16; *Matter of Daly*, 189 N. Y. 34; *Matter of Comr. of Public Works*, 185 N. Y. 391; *Real Estate Corp.* v. *Harper*, 174 N. Y. 123; *Matter of City of New York*, 182 N. Y. 281; 192 N. Y. 295.)

Haight, J. This proceeding was instituted under chapter 724 of the Laws of 1905 for the purpose of acquiring land for water supply purposes. Commissioners were appointed and a report was made valuing the parcel in question at the sum of $76,200. Upon an application for a confirmation of the report at Special Term the petitioners objected, and the court set aside the report and directed a new appraisal before new commissioners. Thereupon the claimants appealed from an order of the Special Term to the Appellate Division, second department, and upon the hearing of that appeal the Appellate Division dismissed the appeal upon the ground that the statute did not provide for an appeal from an order refusing to confirm the award of the commissioners. The Appellate Division then allowed an appeal to this court, certifying the following question: "Was the order of the Special Term herein, which vacated the award made by the commissioners of appraisal for damage parcel No. 5 in this proceeding, and appointing new

Commissioners of Appraisal to ascertain and determine the compensation to be made therefor, an order from which an appeal would lie to the Appellate Division under the provisions of chapter 724 of the Laws of 1905 and the acts amendatory thereof?"

It must be conceded that the question presented is not free from difficulty, owing to apparently conflicting decisions made upon the subject, although they were made in construing different statutes from that which we now have under consideration. In this case we are called upon to review the revision of the statute for acquiring land for water purposes in the city of New York, made by chapter 724 of the Laws of 1905, which, so far as is material upon the consideration of the question, is as follows:

"Section 16. The application for the confirmation of the report shall be made to the Supreme Court at a special term thereof held in the judicial district in which the land or some part thereof is situated. Upon the hearing of the application for the confirmation thereof, the said court *may* confirm such report *or may in its discretion order that the report or any portion thereof affecting one or more parcels be referred to the same commission, or a new commission, for a new hearing,* and make an order containing a recital of the substance of the proceedings in the matter of the appraisal with a general description of the real estate appraised and for which compensation is to be made; and shall also direct to whom the money is to be paid or in what bank or trust company and in what manner it shall be deposited by the comptroller of the city of New York. Such report when so confirmed shall (except in case of an appeal, as provided in this act) be final and conclusive as well upon the city of New York as upon owners and all persons interested in or entitled to, said real estate; and also upon all other persons whomsoever."

"Section 22. Within twenty days after notice of the

confirmation of the report of the commissioners, as provided for in the sixteenth section of this act, which notice may, as to parties who have not appeared before the commissioners, be given in the manner provided in the fifteenth section of this act, either party may appeal, by notice in writing to the other party, to the supreme court, from the appraisal and report of the commissioners. Such appeal shall be heard on due notice thereof being given, according to the rules and practice of said court, either at a special term or appellate division thereof as the appellant may desire. On the hearing of such appeal, the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the special term an appeal may be taken to the appellate division and from any determination of the appellate division, either party, if aggrieved, may take an appeal which shall be heard and determined by the court of appeals. In the case of a new appraisal, the second report shall be final and conclusive on all parties and persons interested."

This revision of the statute was taken from chapter 189 of the Laws of 1893, and is the same except as to the word " may " which in the former statute was " shall." And the other provision, " or may in its discretion order that the report or any portion thereof affecting one or more parcels be referred to the same commission, or a new commission, for a new hearing " is inserted as a new provision not appearing in the old statute.

In *Matter of Daly* (189 N. Y. 34) we had occasion to review the former statute, for the purpose of determining whether a similar order in which the Special Term had set aside the first report of the commissioners, for the purpose of determining whether the new report would be final and conclusive upon the parties. We then reached the conclusion, following the case *Matter of N. Y. C. & H. R. R. R. Co.* (64 N. Y. 60), that the Special Term

had the power, in its discretion, to vacate and set aside
the report of the commissioners, even though the statute
gave it no authority to do so in the first instance, and
that the party aggrieved could, by appeal to the General
Term, review the order of the Special Term, but, it being
discretionary, it could not be reviewed in this court.   An
application to condemn lands for public use is a special
proceeding under the statute, and under the provision of
section 1356 of the Code of Civil Procedure an appeal
may be taken to the General Term, now the Appellate
Division, of the Supreme Court from an order affecting
a substantial right, made in a special proceeding at a
Special Term.  It follows, says Judge FOLGER, in deliver-
ing the opinion of the court in that case, "That at Special
Term the court has all its powers in dealing with those
cases, among which is the power to control all the pro-
ceedings had before it and to set them aside on sufficient
cause shown.   *   *   *   It was exercising its inherent
power over the proceedings of the court to annul, vacate
and set them aside, which power stands by the side of
the statute and goes with it." (p. 62.)  But now, under
the new revision, the Special Term is given express power,
in its discretion, to send the report back to the same com-
mission, or a new commission, for a new hearing.   May
that order be reviewed by an appeal therefrom?

In *Matter of Application of the Commissioner of
Public Works of the City of New York, to Acquire
Lands for the Construction of a Bridge over the
Harlem River* (185 N. Y. 391) it was held, notwith-
standing the opinion of Judge FOLGER, above alluded to,
that an order of the Special Term denying a motion to
confirm the report of commissioners of estimate was not
appealable to the Appellate Division.   That determina-
tion, however, was made under chapter 147 of the Laws
of 1894, in which the provisions of the law relating to
the taking of private property for public streets and
places in the city of New York was made applicable to

the proceedings taken under the act, and are found in the Greater New York charter. Those provisions authorize the Special Term to confirm the report in whole, or in part, or to refer the same, or a part thereof, back to the commissioners, or to new commissioners, for revision or correction, or for reconsideration; and it was held that the provision giving the party aggrieved by the report, when confirmed, the right to appeal to the Appellate Division of the Supreme Court, in effect, excluded the right to appeal from the order of the Special Term which refused confirmation, and that it was not affected by the provisions of the Code of Civil Procedure applicable to appeals.

In *Matter of Manhattan Railway* v. *O'Sullivan* (6 App. Div. 571) it was held that where the award of commissioners is set aside by the Special Term as excessive, the Appellate Division has an inherent power to review the order. BARRETT, J., in delivering the opinion of the court, says: "There is nothing in the Condemnation Law which revokes or modifies the rule that discretion is vested in the appellate branch of the court equally with the Special Term. Nor is there any provision which directly, or by necessary implication, takes away the fundamental and inherent power to review any exercise of discretion by the Special Term. Under the law as it existed prior to this Condemnation Act, the court was, in the first instance, required to make a final order confirming the commissioners' report. Within twenty days thereafter either party might appeal. The appeal was to 'the Supreme Court,' and the direction was that such appeals should be heard by 'the Supreme Court at any General or Special Term thereof.' Under the present law the old practice was varied in form because of the manifest inconvenience of permitting an appellant to choose his tribunal in the first instance, and because the old practice on that head was exceptional. But the substance remained the same. The confirmation *pro forma*

is not now permitted. Nor can the appellant choose, in the first instance, the branch of the tribunal which he prefers. But his appeal is still to the Supreme Court. Now he must proceed in the first instance at Special Term. He cannot, as formerly, go directly, if he pleases, to the appellate branch. But clearly it was only intended to prevent his going there in the first instance — not to prevent his going there in the usual way, and in accordance with the established practice." (p. 574.) It is true that Justice BARRETT had under consideration the condemnation law now embodied in the Code of Civil Procedure, but his remarks are quite pertinent upon the question which we have under consideration. That case was affirmed in this court on his opinion. (150 N. Y. 569.)

Our attention has been called to numerous cases in which the General Terms and the Appellate Divisions have entertained appeals of this character, but no question appears to have been made with reference to the jurisdiction of the court to review. I have thus called attention to the chief cases upon the subject, and to the apparent conflict that exists.

In the case under review, the Special Term vacated the report of the commission, upon the ground that it adopted a wrong basis in determining the value of the property sought to be taken, thus raising the old question as to whether it should be valued as city lots or farm property. The Appellate Division in its opinion expresses the view that the Special Term erred in setting aside the report, but concludes by holding that it has no power to review. We thus have a record covering upwards of eighteen hundred pages of testimony sent back for a new trial before new commissioners with instructions to determine the value of the property upon a basis which the Appellate Division insists is erroneous; and yet that court is powerless to correct the error until a new report is made and confirmed. The learned Appellate Division, speaking with reference to the duties of the new commission-

ers, says: "We may not assume that commissioners will fail to observe their obligations under the Constitution and laws of this State because of an error of law on the part of the Court at Special Term." It must be remembered that under the statute the Special Term had the power to refuse confirmation of the report of the commissioners and to send it back for correction, either to the same commission or to new commissioners. That court had the power to specify what the correction should be, and its determination became the law of the case until its order had been reversed by some court having the power to do so. It, therefore, became the duty of the commissioners to take the law from the Special Term and determine the value of the property upon the basis specified by that court.

In view of what was said in *Matter of Commissioner of Public Works* (*supra*) we shall not consider the question as to whether an appeal could be taken under the Code, but confine our determination to the statute under which the proceedings were instituted. Under section 16 of that statute, as we have seen, the report of the commissioners, when confirmed, becomes final and conclusive, except in case of an appeal, as provided in section 22 of the act. Referring, then, to the provisions of that section we find that under the first provision an appeal may be taken within twenty days by either party "after notice of the confirmation of the report of the commissioners." The appeal, however, provided for is not from the order of confirmation, but is from "the appraisal and report of the commissioners." The statute further provides that such an appeal shall be heard either at a Special Term or Appellate Division, as the appellant may desire. We thus have a peculiar statute, which seemingly enables a successful party at Special Term to take an appeal from an appraisal in his favor, and then upon the appeal he may select the same Special Term to hear the appeal that confirmed his appraisal in the first instance. If

this was the only appeal provided for by the statute, it may be that we should be compelled to hold that an appeal only lay from a confirmation of a report. But we find that upon proceeding further with the provisions of this statute it concludes as follows; "But from *any determination* of the Special Term an appeal may be taken to the Appellate Division and from any determination of the Appellate Division, either party, if aggrieved, may take an appeal which shall be heard and determined by the Court of Appeals. In the case of a new appraisal, the second report shall be final and conclusive on all parties and persons interested." Under this provision it appears to us that " any determination of the Special Term " means any or every order of the Special Term; and that " any determination of the Appellate Division " means any order of the Appellate Division. If this be the correct construction of the provisions of the act, it follows that an appeal from an order of the Special Term vacating the report of the commissioners is authorized by this statute, and that the Appellate Division has the power to determine the same. We conclude, therefore, that the Appellate Division had the power to review the order appealed from in this case, and that its order dismissing the appeal should be reversed and the case remitted to that court for hearing upon the merits, with costs to the appellant to abide the final award of costs, and that the question certified should be answered in the affirmative.

CULLEN, Ch. J., VANN, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.