In the Matter of the Application of J. EDWARD SIMMONS et al., Constituting the Board of Water Supply of the City of New York, Appellants, to Acquire Real Estate in the Towns of Yorktown and Cortlandt, Westchester County, Required for the Catskill Aqueduct.

PEEKSKILL ICE COMPANY, Respondent.

Constitutional law — construction of statute — appeal — condemnation proceedings — when order therein not appealable to Court of Appeals without permission.

1. If a statute is capable of two constructions, one making it valid as in accord with the Constitution and the other making it void as in violation thereof, the former will be preferred. (*People ex rel. Simpson* v. *Wells*, 181 N. Y. 252, 257, followed.)

2. An order in a condemnation proceeding denying a motion to amend "the proceedings and the map filed" is not a final order, and an appeal therefrom will not lie to this court, nor is such

37

[206 N. Y.]          Opinion, per VANN, J.          [Dec.,

appeal authorized by chapter 724 of the Laws of 1905, under which the proceeding was taken. It is also prohibited by the Constitution. (Const. art. 6, § 9.)

*Matter of Simmons (Catskill Aqueduct)*, 152 App. Div. 503, appeal dismissed.

(Submitted November 21, 1912; decided December 10, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered September 10, 1912, which reversed an order of Special Term granting a motion to amend the map and petition in a proceeding to condemn land and denied said motion.

The facts, so far as material, are stated in the opinion.

*Archibald R. Watson, Corporation Counsel (H. T. Dykman* of counsel), for appellants. The order appealed from is appealable to this court. (*Matter of Simmons*, 203 N. Y. 241.)

*Leverett F. Crumb* for respondent.

VANN, J. This is a special proceeding instituted in January, 1907, to acquire certain lands in the county of Westchester for the purpose of providing an additional supply of water for the city of New York. Among the lands affected was a parcel known as No. 40 owned by the respondent, the Peekskill Ice Company. Commissioners were appointed who made an award which was set aside and a new hearing was ordered. After the evidence was closed on the second hearing but before the matter was finally submitted to the commissioners for decision, a motion was made at Special Term in behalf of the city to amend " the proceedings and the map filed " so as to substitute new rights of way over the land to be taken in the place of those laid down on the map already filed. From the order of the Special Term granting said motion the Peekskill Ice Company appealed and the entire order of the Appellate Division in deciding the appeal, the

recitals being omitted, is as follows: "It is hereby ordered that the order so appealed from be and the same is hereby reversed, with ten dollars costs, and the motion denied, with ten dollars costs." Without procuring permission the city appealed from that order to this court.

The order made by the Appellate Division was not a final order in a special proceeding but an intermediate order from which no appeal to this court can be taken unless leave is first obtained. (Const. art. 6, § 9.) A final order is one that determines and ends the proceeding and no other, however important, is final within the meaning of the Constitution. A final order in a proceeding to condemn land for a public purpose is an order of confirmation, or an order dismissing the proceeding or any order terminating the matter finally. No final order has yet been made herein, for the proceeding is still pending and undetermined. The matter has been partially heard by the commissioners, but they have not yet made their report.

The appellant, however, contends that the appeal is expressly authorized by the statute under which the proceeding was instituted. (L. 1905, ch. 724.) Section twenty-two of that act relates to appeals and after authorizing an appeal to the Supreme Court within twenty days after notice of the confirmation of the report of the commissioners and providing that such appeal may be heard either at Special Term or by the Appellate Division, continues as follows: "On the hearing of such an appeal, the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the special term an appeal may be taken to the appellate division and from any determination of the appellate division, either party, if aggrieved, may take an appeal which shall be heard and determined by the court of appeals."

We recently considered that section, but only so far as

it allowed an appeal to the Appellate Division, for that was the only question certified to us for determination in the matter then under consideration. (*Matter of Simmons*, 203 N. Y. 241, 242, 248.) We did not hold and nothing was said by Judge HAIGHT, who prepared our opinion, to intimate that an appeal from an intermediate order of an Appellate Division under any circumstances could be brought to this court without permission. We do not think that the legislature intended to authorize such an appeal as the one now before us, for if a statute is capable of two constructions, one making it valid as in accord with the Constitution and the other making it void as in violation thereof, the former will be preferred. (*People ex rel. Simpson* v. *Wells*, 181 N. Y. 252, 257.)

But even assuming that the legislature intended to authorize an appeal to this court from an intermediate order without the consent of the Appellate Division, the statute would be void in that respect, for when the Constitution commands even the legislature must obey. The Constitution provides that "except where the judgment is of death, appeals may be taken, as of right, to said court *only* from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court *finally determining* actions or special proceedings. * * * The Appellate Division in any department may, however, allow an appeal upon any question of law which, in its opinion, ought to be reviewed, by the Court of Appeals." (Const. art. 6, § 9.) Thus, the present appeal, which was taken without permission, is absolutely prohibited by the fundamental law.

Whatever view, therefore, is taken of the statute relied on by the appellant, there was no authority to bring this appeal, and it must be dismissed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Appeal dismissed.