In the Matter of Acquiring Title by THE CITY OF NEW YORK, Appellant, to Certain Lands on Pennsylvania Avenue in the Borough of Brooklyn.

ANNA J. DOYLE, Appellant; SAMBERN AMUSEMENT COMPANY, Respondent.

**Appeal — New York (city of) — proceeding to acquire land for school house site in New York city — no appeal lies from Special Term order refusing to confirm report of commissioners in school site cases.**

No appeal is allowed to the Appellate Division from a Special Term order refusing to confirm the report of commissioners in proceedings to acquire lands for school sites arising under the charter of the city of New York (L. 1901, ch. 466, §§ 1438a, 1442), although such an appeal is permitted in water supply cases from a like order. (L. 1905, ch. 724.) This difference in the rule results from the fact that in the former class of cases the charter provides for repeated hearings before the commissioners until finality is reached as a condition precedent to an appeal to the Appellate Division, while in the statute relating to the New York city water supply there is no provision for more than two appraisals by the commissioners, their second report being expressly declared to be final and conclusive. (*Matter of City of New York, Hamilton Place,* 143 App. Div. 302; affirmed, 202 N. Y. 607, approved and followed; *Matter of Simmons, Ware,* 203 N. Y. 241, distinguished.)

*Matter of City of New York,* 157 App. Div. 938, affirmed.

(Argued February 26, 1914; decided March 17, 1914.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial

department, entered June 27, 1913, which dismissed an appeal from an order of Special Term denying a motion to confirm the report of commissioners in condemnation proceedings and remitting the subject-matter to new commissioners to hear *de novo.*

The following question was certified: "Was the order of the Special Term herein, which vacated the award made by the commissioners of appraisal for damage parcel No. 1 in this proceeding, and appointing new commissioners of appraisal to ascertain and determine the compensation to be made therefor, an order from which an appeal would lie to the Appellate Division under the provisions of chapter 21 of the charter of the city of New York, being chapter 466 of the Laws of 1901, as amended?"

The facts, so far as material, are stated in the opinion.

*Frank L. Polk,* Corporation Counsel (*John B. Shanahan* and *James D. Bell* of counsel), for City of New York, appellant.   The order of Special Term refusing confirmation and vacating the award made by the commissioners is appealable to the Appellate Division. (*Matter of Simmons,* 203 N. Y. 241.)

*Francis P. O'Connor* and *Edward W. Murphy* for Anna J. Doyle, appellant.   The order is appealable. (*Matter of Simmons,* 203 N. Y. 241.)

*James F. Quigley* for respondent.   No appeal can be taken under chapter 21, Greater New York charter, excepting from an order of confirmation. (*Matter of City of New York,* 143 App. Div. 302; 202 N. Y. 607; *Matter of Comrs. of Public Works,* 111 App. Div. 285; 185 N. Y. 391.)

WILLARD BARTLETT, Ch. J.   This is a proceeding under the provisions of the Greater New York charter to acquire lands for a school site.   The commissioners made a report which the Special Term refused to confirm by

an order denying a motion for confirmation. The proceeding was referred to new commissioners to hear the subject-matter *de novo.* From this order an appeal was taken by the city of New York and Anna J. Doyle, the owner of certain premises sought to be taken, to the Appellate Division. The Appellate Division dismissed the appeal, without costs, in view of " the seeming conflict between *Matter of City of New York, Hamilton Place* (143 App. Div. 302; affd., 202 N. Y. 607), and *Matter of Simmons* (203 N. Y. 241)."

Let us first examine *Matter of City of New York, Hamilton Place (supra)* and ascertain precisely what was decided therein. No opinion was written in this court. We simply affirmed the order of the Appellate Division. The case, like the case at bar, was a proceeding to acquire property for a school site under the Greater New York charter, and the Special Term had made an order affirming in part the report of the commissioners, and sending the report back to new commissioners for a reappraisal of one of the damage parcels. Mr. Justice MILLER wrote the opinion of the Appellate Division. The only question which he discussed was the appealability to that court of the part of the order which sent the report back to new commissioners. He examined critically sections 1438a and 1442 of the Greater New York charter, and reached the conclusion that no appeal lies from an order of the Special Term sending back the report of the commissioners in a proceeding to acquire lands for a school site in the city of New York.

When the case came here we simply affirmed the order of the Appellate Division (without opinion), which order affirmed so much of the Special Term order as had affirmed in part an award of the commissioners and had dismissed the appeal from so much of the Special Term order as refused to confirm part of said award.

Now, if this decision in the *Hamilton Place* case stood alone in this court it would be clear that we should have

to hold in the present case that the Appellate Division had no jurisdiction to entertain the appeal of the appellants, which is from an order refusing to confirm the award of commissioners in a proceeding to acquire a school site. The appellants, however, contend that their right to appeal to the Appellate Division is established by a later decision of this court, to wit, that in *Matter of Simmons, Ware* (203 N. Y. 241). That case, it is true, was not a proceeding for the acquisition of a school site, but was a proceeding to condemn property for the New York city water supply under chapter 724 of the Laws of 1905. The appellants contend that the provisions of this statute relating to appeals are substantially identical with those of the Greater New York charter relative to the acquisition of school sites; and that inasmuch as we held therein that an appeal would lie to the Appellate Division, we are bound to hold that such an appeal lies in the present case. The *Hamilton Place Case* (*supra*) had been affirmed in this court before the argument of the *Simmons* case and this difference between the statutes was pointed out in the brief of counsel for the appellants as appears from the record upon file with the clerk of this court.

This proposition would be difficult to answer if there were no difference of substance between the two statutes. But I think there is. The Greater New York charter (L. 1901, ch. 466) contains language manifesting an intent on the part of the legislature that the issues to be determined by the commissioners of estimate shall be decided by a series of hearings before one set of commissioners after another if necessary until a report has been made which shall be approved by the Special Term of the Supreme Court before any right of appeal comes into existence. This intention is shown by the provisions of section 1442 of the charter, relating to appeals from the appraisal and report of the commissioners in this class of cases, a portion of which reads as follows: " In the case of a new appraisal the second report shall be filed and notice thereof given,

and such review, upon appeal or otherwise, be had as in the case of an original report, and so, from time to time, until a report shall be presented which the said court at Special Term shall finally affirm, and shall be affirmed upon appeal, should any appeal be taken." There is a similar provision in section 986 of the charter which relates to the presentation of reports for confirmation in street opening proceedings. (See *Matter of Comr. of Public Works*, 185 N. Y. 391.) Nothing of this kind, however, is to be found in chapter 724 of the Laws of 1905 relative to the acquisition of property for the New York city water supply, which was the statute under consideration in *Matter of Simmons, Ware* (203 N. Y. 241). All that is provided in that statute in case of a new appraisal is not that the proceeding may be sent back to new commissioners from time to time until a report shall be presented which shall prove satisfactory to the Special Term, but simply in that event that the second report shall be final and conclusive on all parties and persons interested. (See Laws of 1905, chap. 724, § 22.)

This distinction between the legislation concerning the exercise of the power of eminent domain with reference to school sites and the exercise of that power for the improvement of the water supply solves the question presented by this appeal and reconciles the apparent (but not real) conflict between the decisions of this court in *Matter of Simmons, Ware* (*supra*) and our affirmance of the decision of the Appellate Division in *Matter of City of New York, Hamilton Place* (143 App. Div. 302). In brief, we have held in substance that no appeal was intended to be allowed to the Appellate Division from a Special Term order refusing to confirm the report of commissioners in school site cases; but that such an appeal is permitted in water supply cases from a like order, and this by reason of the fact that in the former class of cases the Greater New York charter provides for repeated

hearings before the commissioners until finality is reached as a condition precedent to an appeal to the Appellate Division; while in the statute relating to the New York city water supply there is no provision for more than two appraisals by the commissioners, their second report being expressly declared to be final and conclusive.

It follows that the Appellate Division was right in dismissing the appeal in the present case, and its order to that effect must be affirmed, but without costs, and the question certified answered in the negative.

WERNER, HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur.

Order affirmed.