In the Matter of the Application and Petition of THE CITY OF NEW YORK to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake, in the Town of Yorktown, Westchester County, New York, etc., for the Sanitary Protection of the Water Supply of the City of New York.

THE CITY OF NEW YORK, Appellant; SARAH PERCY and Another, Respondents.

Second Department, January 29, 1932.

Chester B. McLaughlin and Lester D. Stickles, for the motion.

Arthur J. W. Hilly, Corporation Counsel, and Frank T. Fitzgerald, opposed.

PER CURIAM. The Special Term, after confirmation of a report of commissioners of appraisal for the taking of lands for the water supply of the city of New York, rendered a decision to the contrary upon a motion for reargument, and referred the matter to new commissioners to determine the value of the lands taken, including consequential damage to the owner. This court reversed, being of the opinion that the reasons first given by the learned Special Term justice upon confirmation were correct. (234 App. Div. 890.) It is now claimed on behalf of the owner of the land that the order was not appealable under the authority of *Matter of City of New York (Valley Stream, etc.)* (152 App. Div. 422). It was there held by this court, with considerable hesitancy, that an order of the Special Term refusing to confirm the report of commissioners of appraisal in condemnation proceedings brought under the provisions of the Greater New York Charter to acquire lands for aqueduct purposes, is not appealable to the Appellate Division. Assuming that the case before us is such an appeal as described, although in fact it is an appeal from an order which in effect was a reversal by the justice of his prior decision, we are of opinion that the conclusion reached in the cited case was not correct.

That case was not brought to our attention upon the argument, nor was it argued that the appeal should be dismissed. However, it may now be considered for the reason that if the order was not appealable we should not have decided the case on the merits.

The basis of the reasoning in the *Valley Stream* case is that while under chapter 724 of the Laws of 1905, being the act relating to the acquisition and maintenance of an additional water supply for the city of New York, and as construed in *Matter of Simmons* (203 N. Y. 241), there is provision authorizing an appeal to the Appellate Division from an order of the Special Term refusing to confirm the report of the commissioners, no such authority is found in the Greater New York Charter (§ 505).

In *Matter of City of New York* (*Town of Hempstead*) (125 App. Div. 219) this court held that the charter provisions relating to condemnation for water supply purposes and the act of 1905 (*supra*) are *in pari materia*, to be read and construed together and not as subordinated and superseding statutes.

In *Matter of City of New York* (*Pennsylvania Ave.*) (210 N. Y. 438) the proceeding was under the charter to acquire lands for a school site. The order there appealed from to the Appellate Division was one refusing to confirm the report of commissioners. The question was as to its appealability, and it was held by the Court of Appeals that the order was not appealable, and the distinction was pointed out between proceedings to condemn lands for a school site and those to condemn property for the New York city water supply under the act of 1905, as to which latter proceedings, citing *Matter of Simmons* (*supra*), the court held an appeal to be authorized because of a distinct difference in the two statutes relating to the subject. This distinction was clearly pointed out in *Matter of Simmons* in citing section 22 of the act of 1905 which authorized an appeal to the Appellate Division " from any determination of the Special Term." In *Matter of City of New York* (*Pennsylvania Ave.*) (*supra*, p. 442) Chief Judge WILLARD BARTLETT said: " This distinction between the legislation concerning the exercise of the power of eminent domain with reference to school sites and the exercise of that power for the improvement of the water supply solves the question presented by this appeal and reconciles the apparent (but not real) conflict between the decisions of this court in *Matter of Simmons* [*Ware*] (*supra*) and our affirmance of the decision of the Appellate Division in *Matter of City of New York* (*Hamilton Place*) (143 App. Div. 302). In brief, we have held in substance that no appeal was intended to be allowed to the Appellate Division from a Special Term order refusing to confirm the report of commissioners in school site cases; but that such an appeal is permitted in water supply cases from a like order, and this by reason of the fact that in the former class of cases the Greater New York Charter provides for repeated hearings before the commissioners until finality is reached as a condition precedent to an appeal to the Appellate Division; while in the statute relating to the New York city water supply there is no provision for more than two appraisals by the commissioners, their second report being expressly declared to be final and conclusive."

Furthermore, we upheld the power of the Special Term in chang-

ing the order of confirmation to one of refusal, although regarding the subsequent order as erroneous on the law and facts. The ground upon which we upheld the power was that the Special Term inherently possessed the authority to grant a reargument and direct a rehearing despite previous confirmation. This inherent power is equally possessed by the Appellate Division in so far as concerns a review of the Special Term. This was squarely held in *Manhattan R. Co.* v. *O'Sullivan* (6 App. Div. 571; affd., on opinion below, 150 N. Y. 569); and that decision seems to have been highly approved by the Court of Appeals in *Matter of Simmons* (*supra*, p. 246). This inherent power of review must be regarded as lodged in this court, unless statutory provision expressly or by implication forbids, which is not the case here. And this applies to the special statute under which the present proceeding was brought (Laws of 1925, chap. 543) and which made the Greater New York Charter provisions relating to the acquisition of lands for the supply of water applicable as the procedure to be followed under the act of 1925. The motion for reargument should be denied.

Present — LAZANSKY, P. J., KAPPER, SCUDDER, TOMPKINS and DAVIS, JJ.

Motion for reargument denied.